## SEELY *against* ENGELL.

A party against whom a person is offered as a witness has a right to have the preliminary oath, called the *voir dire*, administered to him, and to examine him touching his competency before he is sworn in chief.

It is not within the discretion of the court to decline to administer the preliminary oath to the proposed witness in the first instance, or to refuse to permit the adverse party to show his incompetency until after he is sworn and examined in chief.

Although a witness is sworn in chief without objection, if during his examination it appear that he is incompetent from interest, the objection is in season.[1]

Where, in an action to recover a balance on a note, the answer alleged that the note " was by mistake given for a greater sum than was due from the maker to the payee, to wit, a sum sufficient to cancel the balance claimed," and issue was taken thereon by the reply; *Held*, That the defendant was entitled

---

[1] But, to avail himself of the objection, the opposite party must move to strike out the testimony so given. *Heely* v. *Barnes*, 4 Den. 73.

Seeley *against* Engell.

to prove under the pleadings that the note was given on a settlement of accounts, and by mistake was for a larger amount than the sum actually due.

The objection that the allegation in the answer was too indefinite, should have been taken by motion to have it made more certain.

Seeley *v.* Engell, 17 Barb. 530, reversed.

ACTION in the supreme court, commenced in January, 1852, by George S. Seeley, to recover the amount claimed to be due upon two promissory notes made by the defendant, one for $91.39 and the other for $8.62. The note for $91.39 was payable to Nehemiah Seeley or bearer. The complaint averred the making of the notes; that the plaintiff at the commencement of the action was the owner and holder of the same; that the sum of $58.32 had been paid upon the larger note, and claimed judgment for the balance. The answer denied that the plaintiff was the owner and holder of the notes, or that the defendant was indebted thereon, as claimed in the complaint. For a further answer the defendant alleged "that when the note for $91.39 was made, the same was by mistake given for a greater sum than was due from the defendant to the payee, to wit, a sum sufficient to cancel the balance claimed to be due on said note, making said note in part without consideration, and therefore the defendant claims a deduction from the note equal to the balance claimed to be due thereon." It was further alleged that the note was received by the plaintiff after it became due. The plaintiff, by reply, denied the allegations of the complaint as to a mistake.

The cause was tried before a referee. The plaintiff, after reading the notes in evidence, called Losina Seeley and proposed to have her sworn as a witness. The counsel for the defendant objected to her competency on the ground that she was the wife of Nehemiah Seeley, the real plaintiff in interest, and requested and moved the referee to administer to her on behalf of the defendant the preliminary oath, called the *voir dire*, that he might examine her touching her competency as a witness for the plaintiff. To her being

thus sworn and examined, the counsel for the plaintiff objected, and the referee decided that he would not administer such preliminary oath to her, but would swear her in chief, and if it appeared upon her examination that she was incompetent, he would expunge her testimony. The counsel for the defendant excepted. The witness was then sworn in chief, and before giving any other evidence testified, on the plaintiff's examination, that she was the wife of Nehemiah Seeley. The counsel for the plaintiff then offered to prove by her that her husband, prior to the commencement of the action, transferred the largest of the two notes to the plaintiff. To this the counsel for the defendant objected, on the ground that the husband of the witness, who was the payee of the note, was, on the pleadings and evidence given, presumed to be the real party plaintiff in interest, and that therefore his wife was incompetent. The referee overruled the objection and the counsel for the defendant excepted. The counsel for the defendant thereupon offered, for the purpose of establishing the grounds of his objection to the competency of said witness and to exclude her, to prove that Nehemiah Seeley, her husband, was the real owner of the largest note at the commencement of the action and at the time of the trial, and that the suit was brought and prosecuted for his sole benefit. The referee decided that he would not hear the evidence so offered at that stage of the trial, but that he would allow the witness to testify to the facts proposed to be shown by her on the part of the plaintiff, and would afterwards permit the defendant to make the proof offered by him to establish her incompetency; the counsel for the defendant again excepted. The witness then gave evidence tending to prove that the note was transferred by her husband to the plaintiff before the commencement of the action. In the course of the trial the defendant offered to prove that the note for $91.39, was given upon a settlement between the defendant and Nehemiah Seeley, for an alleged balance due

the latter and that by mistake the note was given for $40.96 more than the real balance due. The counsel for the plaintiff objected to the evidence on the ground that the answer was not sufficient to permit it to be given; that did not state the facts as to the alleged mistake, and that the allegations on this subject were merely conclusions of law. The referee so held and excluded the evidence, and the counsel for the defendant excepted. The referee reported in favor of the plaintiff, and the judgment entered thereon was affirmed by the court at a general term in the 5th district. (*See* 17 *Barb.*, 530.) The defendant appealed.

*N. Hill, Jr.*, for the appellant.

*A. J. Parker*, for the respondent.

DENIO, Ch. J. The determination of this case involves two questions: first, whether the defendant was entitled to go into a preliminary inquiry to ascertain whether the witness, Mrs. Seeley, was competent to testify for the plaintiff upon the issue, before she was sworn in chief; and secondly, whether the defendant was entitled, under the pleadings, to go into evidence to show that the note of $90.39 was given under a mistake of fact. On both points the referee ruled against the defendant, and in both instances he was, in my opinion, wrong.

I. The point upon which the defendant objected against Mrs. Seeley as a witness was, that she was the wife of Nehemiah Seeley, and that the said Nehemiah was the party for whose immediate benefit the suit was prosecuted. The objection was not put in these precise words, but that was the effect of it. The case states that the defendant insisted that she was " the wife of the real plaintiff in interest." The defendant asked that she might be sworn on her *voir dire*. This was refused; and after it had appeared by her

examination in chief that she was N. Seeley's wife, the defendant offered to prove that N. Seeley was the real owner of the note, and that the suit was brought for his solo benefit. This the referee refused, and he persisted in allowing the plaintiff to examine Mrs. Seeley in chief before the question was determined whether she was a competent witness or not. If the defendant's position had been limited to the allegation that the witness was N. Seeley's wife, then, inasmuch as she admitted that fact on the plaintiff's examination, immediately after being sworn in chief, and the defendant was allowed an opportunity of objecting to her further examination, and did object, and the question arising upon that objection was correctly determined as the case then stood, no prejudice would have arisen out of the refusal to administer the preliminary oath, and the judgment should not be disturbed for that reason. But it was a part of the defendant's objection that N. Seeley was the real plaintiff, and this the defendant offered to prove, first by the preliminary examination of the witness on the *voir dire*, and, when that was refused, by other witnesses. This request, in both forms, was denied to him. The referee ruled, in effect, that she should be examined in the first instance by the plaintiff, on the merits, after which she might be examined by the defendant's counsel as to her competency. This was inverting the regular order of proceeding, and was obviously incorrect. Previous to the witness being sworn, it is competent for the counsel for the party against whom he is called to have him examined on the *voir dire*, in order to ascertain whether he is competent to testify. (*Stephens' N. P.*, 1731, 1769; *C. & Hill's Notes*, 257.) This well settled rule has not been departed from, as the opinion in the supreme court intimates, in modern cases. The principle, in respect to which the rigor of the ancient practice has been relaxed, is the one which precluded the party who had suffered an adverse witness to be sworn in chief from afterwards objecting to his compe-

tency on the ground of interest, though such interest should appear in the course of the examination in chief.   At present, if it appear at any time during the examination of the witness that he is incompetent, the objection may be taken, and the testimony will be expunged. (1 *Phil. Ev.*, 267; *Jacobs* v. *Layborn*, 11 *Mees. & Welsb.*, 685.)   But there are still cases in which it may be expedient for a party to put an adverse witness on the *voir dire*.   For instance, if the interest arises upon written documents, with which the witness is cognizant, but which are not present, their contents may be shown by parol upon the preliminary examination, but not after the witness has been sworn in chief. (1 *Phil. Ev.*, id.; *Cow. & Hill's Notes*, 709.)   The tenacity with which the old rule has been adhered to, even in modern times, is strikingly shown in a curious case in the English court of exchequer, decided in 1839.   In an action on a bill of exchange, the plaintiff put a witness upon the stand whom he called *James* Dewdney.   After he had been examined, without objection, it was ascertained that he was really *George* Dewdney, the plaintiff in the suit.   The defendant offered to call witnesses to that fact, but on an objection that it was not one of the issues to be tried, the evidence was excluded, and the plaintiff had a verdict.   On a motion for a new trial the court said : " The regular way, although in some instances the strict course may have been improperly departed from, was for you to make this objection on the *voir dire*, when other evidence might have been called, if necessary, to prove the incompetency, and then, if the incompetency were established, an opportunity would be afforded to the plaintiff of proving his case by other evidence." (*Dewdney* v. *Palmer*, 4 *Mees. & Welsb.*, 664.)   I do not say this is a case suitable to be followed by us, and it will presently be seen that it has been overruled in the court in which it was decided.   But it shows plainly enough that the rule permitting, at least, the examination of a person called as a witness on his *voir dire*, when the right is

claimed by the adverse party, is not abolished in England. The effect of neglecting to insist on the preliminary oath was carefully examined in *Jacobs* v. *Layborn*, *supra*, where the interest was first discovered in the course of the examination, after the witness had been sworn in chief. It was held, notwithstanding the decision in *Dewdney* v. *Palmer*, not to be too late to object; but there was not in that case, or in any one which I have been able to find, an intimation that the right to the preliminary examination, when insisted on, could be denied. I conclude, therefore, that the referee fell into an error in refusing to permit the witness to be examined on the *voir dire*.

II. The defendant offered to show that the principal note sued on was given for a debt owing by the maker to the payee, and that by an error in computation it was given for $40.96 more than was due. This evidence was excluded on the ground that it was not within the issue made by the pleadings. The alleged mistake was set up in the answer and denied by the reply. If the allegation in that respect was too general in its terms, the remedy of the plaintiff was, by a motion under section 160, to compel the defendant to make it more certain. (*The People* v. *Ryder*, 2 *Kern.*, 433.) By omitting to do this, and especially by replying as though he understood what was intended to be set up, he was precluded from objecting to the evidence on the trial.

The judgment must be reversed and a new trial ordered

HUBBARD, J., also delivered an opinion in favor of reversing the judgment, on the same grounds stated in the foregoing opinion.

Judgment reversed.