[NEW YORK SPECIAL TERM, December 2, 1872. *Fancher*, Justice.]

———————•  •  •———————

## BRETT and others *vs.* THE FIRST UNIVERSALIST SOCIETY OF BROOKLYN.

63b    610
e 79 AD⁷324

The omission, by a defendant, to plead the appointment of a receiver of the plaintiffs' assignor, in proceedings supplementary to execution, prior to the assignment by him to the plaintiffs, of the demand in suit, will uphold a decision of the referee excluding evidence of the supplementary proceedings and the appointment of a receiver.

The ownership of the demand in suit by the receiver should be affirmatively stated, in the answer. Evidence of that fact cannot be introduced to sustain a denial that the demand has been assigned to the plaintiffs and that they are the owners thereof.

In a suit brought by the assignees of a demand, perhaps evidence tending to show that the assignment was without consideration, or that the assignor has made no valid transfer, is admissible to sustain a denial that the demand has been assigned to the plaintiffs and that they are the owners; but not to prove the ownership of the demand by a third party. *Per* LEONARD, P. J.

The power of amendment being given to referees, with large discretion, the court will not disturb a judgment for a refusal of a referee to allow an amendment of an answer, so as to admit evidence of a defence not set up therein, after a lapse of five years since the matters sought to be introduced occurred.

At a meeting of a religious society, B., the treasurer, being present, the pastor stated that he was authorized by B. to say to the society that there was a large deficiency in the revenues; that his accounts were not made up, and he could not state the exact amount; but that if $2300 was raised, he, B.,

Brett *v.* First Universalist Society of Brooklyn.

would accept it in full settlement of his accounts against the church. The society was then called upon for subscriptions, and the required sum was raised and paid to B. *Held* that this was a good accord and satisfaction.

And that the payment of $2300, on behalf of the society, to B., under an agreement that it should be received in satisfaction of a demand uncertain in amount, operated as a full and final release of such demand.

Where, although there was evidence of an accord and satisfaction, on the trial before a referee, yet the referee refused to find the fact, because the defence was not set up in the answer; *Held* that it was the duty of the referee to decide the case according to the evidence; and that the pleadings must be deemed to have been amended so as to include that evidence.

APPEAL, by the defendant, from a judgment entered upon the report of a referee.

The action was brought by Martin W. Brett, James E. Brett and Gustavus A. Brett, constituting the firm of Brett, Son & Company, and Lyman B. Carhart, as trustee of the estate of Joshua Gier, deceased, against the defendant, to recover the balance of an account due from the defendant to one Caleb Barstow, as treasurer of the defendant, under assignments from Barstow to the plaintiffs.

The complaint alleged, 1st. That the plaintiffs, Martin W. Brett, Jas E. Brett, Gustavus A. Brett, were, at the times hereinafter mentioned, copartners, constituting the firm of Brett, Son & Co., of the city of New York. 2d. That the plaintiff, Lyman B. Carhart, was, on or about the 23d day of January, 1868, duly constituted, and ever since has been, and now is, the trustee of the estate of Joshua Gier, deceased. 3d. That the defendant is a religious corporation, formed under and pursuant to the laws of the State of New York, whose place of residence or location is in the city of Brooklyn. 4th. That from some time in the year 1861, up to some time in the year 1864, (but the precise dates the plaintiffs are not informed of and cannot state,) one Caleb Barstow was the treasurer of the defendant, and as such received and disbursed the funds of the defendant, and divers other funds and moneys of his own were by him, during said period, advanced and

paid out in and for the business and purposes of the defendant, and at the request of the defendant, and that such advances so made by said Barstow prior to and up to the 1st of November, 1864, amounted, over and above all sums received from or for account of defendant by him prior to that date, to the sum of $4550.02, no part or portion whereof has since been paid by the defendant. 5th. That on or about the 1st of November, 1864, said Caleb Barstow and said defendant came to an accounting together at said city of Brooklyn, of and concerning the moneys so paid out and received by said Barstow up to that date upon an account in writing then and there made and rendered by said Barstow to said defendant, wherein and whereby said defendant was found to be indebted to said Caleb Barstow in the sum of $4836.62, for moneys paid out by said Barstow prior thereto, and for account and at the request of said defendant, over and above all moneys received by him for its account, which account the defendant accepted, and approved and agreed to its correctness, and promised to pay the same. 6th. That said Caleb Barstow, on the 12th day of July, 1864, at said city of Brooklyn, paid for account and at the request of the defendant, as such treasurer, the sum of $114.13, which was inadvertently omitted from said account made and rendered as aforesaid, and on or about the 1st of November, 1864, he paid for account and at the request of the defendant, the further sum of $1700. 7th. That said Barstow, in making up said account rendered as aforesaid, also inadvertently omitted to enter and charge therein interest upon the sum of $3501.04, being the balance brought forward from his previous account against the defendant, to wit, from the 12th day of October, 1863. to the 1st day of November, 1864, being the sum of $245.07, which sum should have been added to the balance due him as aforesaid in said account. 8th. That said several sums have

not been paid, nor either of them, except the aggregate sum of $2345.80 thereof, paid between March 6, 1865, and November 2, 1865, at dates averaging as one payment on the 21st of June, 1865. 9th. That said Caleb Barstow, prior to the commencement of this action, duly and for value, assigned and transferred to the plaintiffs his claim and demand and his right of action therefor against the defendant for the matters aforesaid, and the plaintiffs are now the lawful owners and holders thereof. Wherefore the plaintiffs demanded judgment against the defendant for the sum of $4550.02, with interest upon $5081.69 thereof from the 1st of November, 1864, and on $114.13 thereof from July 12, 1864, and on $1700 thereof from November 1, 1864, less interest on $2345.80 from June 21, 1865, besides costs of this action.

The defendant, by its answer, admitted that it was a religious corporation organized under the laws of the State of New York; that from some time in the year 1861, to the month of December, 1863, Caleb Barstow was the treasurer of the defendant, and as such received and disbursed the funds of said corporation ; but denied each and every other allegation in the amended complaint contained.

The action was referred to a referee

On the trial before him, the defendant offered to prove that prior to the assignment of the demand in suit, by Barstow to the plaintiffs, in proceedings supplementary to execution against him, a receiver of Barstow's property was appointed. The counsel for the plaintiffs objected to the admission of said order in evidence, that the proof was not admissible under the pleadings, and also upon the ground that the order appeared to have been made at special term, and that the court had no power to appoint a receiver in proceedings at special term; that it must be done by the justice. The referee sustained the objection,

and the counsel for the defendant excepted. The defendant's counsel also offered in evidence the receiver's bond, dâted the blank day of November, 1866, and approved by the judge, and asked the question, " Was Mr. Barstow examined on this proceeding, and was his examination signed by him?" The counsel for the plaintiffs objected to the question. The referee sustained the objection, and the counsel for the defendant excepted thereto. The defendant's counsel offered the examination of Caleb Barstow in evidence, which was sworn to on the 9th of November, at the time of making the order signed by the judge. The plaintiffs' counsel objected. The referee sustained the objection, and the counsel for the defendant excepted.

The referee found the following facts:

*First.* That the plaintiffs, Martin W. Brett, Gustavus A. Brett and James E. Brett, were, at the times mentioned in the complaint, copartners constituting the firm of Brett, Son & Co., and that on the 23d day of January, 1868, the plaintiff Lyman B. Carhart was duly constituted, by a decree of this court, a trustee of the estate of Joshua Gier, deceased, and duly accepted said trust and acted thereunder.

*Second.* That the defendant is now, and was at the said time, a religious corporation, organized under the laws of this State, resident in the city of Brooklyn, Kings county, in this State.

*Third.* That during the period hereinafter mentioned, Caleb Barstow was the treasurer of the defendant, and as such received and disbursed its moneys, and also disbursed moneys of his own in and about the business of the defendant, and at the request of the defendant.

*Fourth.* That on the 12th day of October, 1862, there was due to the said Caleb Barstow from the defendant for moneys so paid out by him for the defendant, over and

Brett *v.* First Universalist Society of Brooklyn.

above all moneys theretofore received by him from and for account of the defendant, the sum of $4843.39.

*Fifth.* That between the said last mentioned date and the 2d day of June, 1864, inclusive, said Caleb Barstow paid out in divers sums, and at sundry times, for account of the defendant, and at its request, the sum of $5383.83, and that during the same period and after that, and prior to the commencement of this action, he received from the defendant and from other sources, for account of the defendant, the aggregate sum of $6360.93, and no more.

*Sixth.* That interest on the said several sums so paid out by the said Barstow, including said balance of $4843.39, due him on October 12, 1862, as aforesaid computed to the date of the report, over and above all interest on the said sums received by him, amounts to the sum of $2962.22.

*Seventh.* That the said Caleb Barstow on the 19th day of January, 1866, duly assigned his claim and demand, and his right of action therefor, against the defendant for the matters aforesaid, to the extent of $2000 thereof, to the plaintiffs, Martin W. Brett, Gustavus A. Brett and James E. Brett, composing the firm of Brett, Son & Co., aforesaid.

*Eighth.* That on the 24th day of January, 1868, said Caleb Barstow duly assigned the residue of said claim and his right of action therefor to the plaintiff Lyman B. Carhart, as such trustee as aforesaid, and that on said date he was indebted to said estate for more than the amount of such assignment.

And the referee found, as a conclusion of law, that the plaintiffs were entitled to recover of the defendant the sum of $6827.51, with costs of this action. And he ordered judgment accordingly.

*Smith & Woodward,* for the appellant.

*W. P. Richardson,* for the respondents.

*By the Court,* LEONARD, J.  The omission to plead the appointment of a receiver of Barstow, prior to the assignment by him to the plaintiffs, of the demand in suit, upholds the decision of the referee, excluding evidence of the proceedings supplementary to execution and the appointment of a receiver.  The ownership of the demands in suit by the receiver should have been affirmatively stated.  This evidence cannot be introduced to sustain a denial that the demand had been assigned to the plaintiffs and that they were the owners.  Perhaps evidence tending to show that the assignment by Barstow was without consideration, or that he had made no valid transfer, was admissible under the denial; but not the ownership of the demand by a third party.  (*Savage* v. *The Corn Exchange Ins. Co.,* 4 *Bosw.* 12; *opinion by Woodruff, J.  Seeley* v. *Engell,* 17 *Barb.* 530.)  This last case was reversed by the Court of Appeals, (13 *N. Y.* 542,) but on a different point, leaving the case as authority upon this subject, inasmuch as it is not referred to or mentioned as a ground for reversal. I am aware that there is some diversity of opinion, upon this question, but I am inclined to hold the rule now stated, as the better one, in pleading and practice.

It is objected that the referee refused leave to amend the answer so as to admit the evidence so excluded.  Five years had elapsed since the receiver was appointed.  The defendant had not, during that time, been called on to pay, and had not sought to discharge its obligation to the receiver, nor to the plaintiffs as the assignees of Barstow. The subject of amendment is given, by the Code, to the referee, with large discretion, and I cannot say that he did not exercise the discretion soundly.  It is a technical defence, coming within the class usually called dilatory pleas, and we should not disturb the judgment on this ground.

It was proven, in the case, without objection, that at a meeting of the church, in January, 1865, when Mr. Bar-

Brett *v.* First Universalist Society of Brooklyn.

stow was present, the pastor, Mr. Blanchard, stated that he was authorized by Mr. Barstow to state to the society that there was a large deficiency in the revenues; that his accounts were not made up, and he could not state the exact amount, but that if $2300 was raised, he, Barstow, would accept it in full settlement of his accounts against the church; and Mr. Blanchard then called upon the society for subsciptions for that amount. This sum was raised by the society, and paid to Mr. Barstow, within a short time.

This must be held to be a good accord and satisfaction, upon two grounds :

1st. The agreement was between Mr. Barstow and the members of the society, not otherwise personally liable, who paid that sum for the satisfaction of his demand against the society.

2d. The demand being uncertain as to amount, as Mr. Barstow conceded by admitting that he could not state the amount, at that time, the payment of $2300 on behalf of the defendants, under an agreement that it should be received in satisfaction, operated as a full and final release of his demand.

This defence was not set up in the answer, and the referee refused to find the fact for that reason, as I understand it. The evidence was before him, however, and I think he was bound to decide the case accordingly. The pleadings must be deemed to have been amended so as to include this evidence.

There must be a reversal of the judgment, and a new trial before the same referee ; with costs to abide the event.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 4, 1872. *Leonard* and *Gilbert*, Justices.]