THE MANUFACTURERS' NATIONAL BANK OF AMSTERDAM, RESPONDENT, *v.* JOHN A. RUSSELL AND HENRY TEFFT, APPELLANTS.

*Answer — when frivolous.*

An answer in an action on a promissory note, denying " that defendants have not paid the said note, or any part thereof, and deny that the same is payable," and which further alleges that the note was given "for too great a sum, etc," without specifying what the amount was, is frivolous.

APPEAL from a judgment in favor of the plaintiff, and also from an order directing such judgment, and adjudging the answer in this action to be frivolous.

The action was brought to recover the amount of a promissory note made by the defendant, and indorsed by the payee to the plaintiff. The following answer was put in to the complaint :

*First defense.* The said defendants for a separate answer to the complaint of the plaintiff in this action, and for a first defense thereto, deny that defendants have not paid the said note, or any part thereof, and deny that the same is payable.

*Second defense.* The said defendants for a second and separate defense aver, that the note described in said complaint was given by defendant Russell to plaintiff, to settle claims of plaintiff against said

defendant Russell, and by mistake of said defendant Russell was given for too great a sum, and for more than he was indebted to plaintiff. That the defendant Tefft was, and is an accommodation indorser, and indorsed said note for the sole benefit and accommodation of defendant Russell, and without any consideration to said defendant Tefft therefor.

This answer, on motion, was adjudged frivolous, and judgment was ordered for the plaintiff.

*Hughes, Northup & Noble,* for the appellants.

*Z. S. Westbrook,* for the respondent.

*Per Curiam :*

We think the answer was frivolous. The first defense denies "that defendants have not paid the said note, or any part thereof, and deny that the same is payable," that being an allegation of the complaint. This denies no material fact of the complaint; it denies no fact which plaintiff was bound to prove; it sets up no affirmative defense or plea of payment.

The second defense is equally worthless. It alleges that the note in suit was given by mistake for too great a sum, but whether for a cent or a dollar does not appear. It fails to show that the amount of such excess was sufficient to extinguish the note, as in *Seeley* v. *Engell* (13 N. Y., 542). Indeed, such could not be the case, since it is not alleged that any thing has been paid upon the note, and the allegation by implication is, that the note was properly given for all but such excess. This second answer is not, therefore, a defense to the action. At most it shadows a counter-claim, but it lacks all the elements of a counter-claim, in not showing any amount due from the plaintiff to defendants, or asking that any amount should be allowed to defendants as against plaintiff's claim. Nor does it show, that such counter-claim exists at the time of the answer, or at any time after the execution of the note and its discount by plaintiff.

Every thing being proved that is set up in the answer of defendants, plaintiff would still be entitled to judgment for the amount claimed.

Such an answer is frivolous, and the order and judgment entered thereon should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order and judgment affirmed, with costs.