SAMUEL A. HOLBROOK *vs.* ELIZABETH SIMS and Husband, Intervenors, impleaded, etc.

August 17, 1888.

On Rehearing.    September 11, 1888.

**Actions on Negotiable Instruments — Pleading.** — An allegation in a complaint that the plaintiff "is the owner and holder" of promissory notes sued upon, following an averment of the making of the notes to the plaintiff, is a statement of a legal conclusion; and an answer admitting the giving of the notes, but containing a general denial of other allegations, does not raise an issue as to the plaintiff being the real party in interest.

**Coupon Note—Rate of Interest after Maturity.**— Upon a note providing for the payment of 10 per cent. interest after maturity, it bearing the same rate before maturity, but evidenced merely by coupon interest notes, interest is chargeable after maturity at the prescribed rate, 10 per cent.

**Same—Interest on Coupons.**—Upon such coupon interest notes, which by their terms are to bear interest after maturity at the rate of 10 per cent., only 7 per cent. interest is chargeable.

Appeal by the intervenors from a judgment of the district court for Fillmore county, where the action was tried by *Farmer,* J., without a jury.    The notes and mortgage involved were made June 22, 1875.

*H. S. Bassett,* for appellants.

*H. C. McCartey,* for respondent.

DICKINSON, J.    This is an action for a foreclosure of a mortgage given by the defendants, Usher and wife, to the plaintiff, to secure the payment of $1,300, evidenced by Usher's contemporary note to the plaintiff for that amount, with interest semi-annually at the rate of 10 per cent. per annum, which interest was evidenced by 10 coupon interest notes.    The relief sought is resisted by Elizabeth Sims, who came into the action as an intervenor.    She purchased the mortgaged premises from the mortgagor after the giving of the mortgage, and with actual notice of it.

The principal contention of the intervenors, as appellants, relates to the sufficiency of the evidence to establish the plaintiff's title to the notes and mortgage. Concerning the appellants' several assignments of error relating to this subject, it is enough to say that the complaint alleged facts showing the plaintiff's right to recover, and that no issue was made by the answer as to the plaintiff being the real party in interest. The complaint alleges the making of the notes and mortgage in favor of the plaintiff. It is further averred that the plaintiff "is the owner and holder thereof." The whole tenor of the intervenors' complaint is a virtual admission of the fact of the execution of the notes and mortgage to the plaintiff, but includes a general denial of what is not admitted. The allegation in the complaint of the plaintiff's ownership of the notes, following the averment of the fact of the giving of the notes to the plaintiff, is to be construed as the statement of a legal conclusion, rather than an averment of an issuable fact; and the answer, admitting the facts thus alleged, does not, by force of the general denial, raise an issue as to the plaintiff being the real party in interest. The facts alleged, and admitted, show him to be such, in the absence of an averment that the notes had been transferred to another. *Bennett* v. *Crowell,* 7 Minn. 306, (385, 390;) *Seeley* v. *Engell,* 17 Barb. 530, (reversed in the court of appeals upon other grounds, 13 N. Y. 542;) *Brett* v. *First Universalist Society,* 63 Barb. 610. This case (probably) was affirmed in 64 N. Y. 651, no opinion being written. *Fleury* v. *Roget,* 5 Sandf. 646; Bliss, Code Pl. § 334. It was therefore an immaterial circumstance that the notes, when offered in evidence, bore uncancelled indorsements from the plaintiff to another person. It was not necessary for the plaintiff to offer evidence to rebut the effect of the written indorsements, and to sustain his title, which was not put in issue.

The appellants having actual notice of the mortgage when they purchased the land, it was valid and effectual, as to them, although the acknowledgment was insufficient. *Johnson* v. *Sandhoff,* 30 Minn. 197, (14 N. W. Rep. 889;) *Morton* v. *Leland,* 27 Minn. 35, (6 N. W. Rep. 378.)

The findings of the court are justified by the evidence, and we need say no more as to the alleged payment of the debt by the

subsequent note of the mortgagor, or as to the consideration for the mortgage. The points relative to the pleadings upon these subjects are not well taken. The plaintiff's general denial of the appellants' allegation of payment, and of want of consideration, was sufficient to put those allegations in issue, and to render admissible the testimony received upon those subjects.

The note given for the principal debt ($1,300) provided for the payment of 10 per cent. interest after maturity. The rate of interest before maturity was the same, being expressed in the coupon interest notes. Interest was therefore properly computed on the principal note at that rate after maturity. Gen. St. 1866, c. 23, § 1. The court also allowed interest on the several coupon notes at the rate of 10 per cent. after their maturity. This was error. These interest notes did not bear or include any interest before their maturity, and, under the statute above cited, no greater rate could be allowed by the agreement of the parties than that fixed by law as compensation for the default to pay—7 per cent. *White* v. *Iltis,* 24 Minn. 43; *Newell* v. *Houlton,* 22 Minn. 19; *Talcott* v. *Marston,* 3 Minn. 238, (339;) *Kent* v. *Bown,* Id. 246, (347.) The fact that the principal note in fact bore interest at the rate of 10 per cent. does not affect the case, as respects the notes which do not represent any part of the principal debt. Interest was, however, chargeable upon the coupon notes after their maturity at the rate of seven per cent. *Welsh* v. *First Div., etc., R. Co.,* 25 Minn. 314, 323; *City of Winona* v. *Minn. Ry. Const. Co.,* 29 Minn. 68, 77, (11 N. W. Rep. 228.) There was no other error upon the trial, and no case of surprise is made for which a new trial should be granted. The judgment will be modified by reducing the interest computed upon the several interest notes from 10 to 7 per cent., and the cause will be remanded, with directions to the court below to make such modification.

Upon motion for rehearing, the following decision was filed September 11, 1888:

*By the Court.* Upon considering an application of the respondent in this cause for a rehearing of the same, it appearing that we had been misled as to the rule of computation adopted by the court below, and it appearing from a computation now made that the court below did not, as was before supposed, allow interest upon the coupon notes after their maturity at a greater rate than 7 per cent., it is considered and ordered that the order for judgment, embraced in the opinion heretofore filed, directing a modification of the judgment of the court below, be revoked, and that the order of the district court be affirmed.