SAM R. EIDE v. NEHEMIAH P. CLARKE.[1]

July 13, 1896.

Nos. 10,030—(244).

**Action to Quiet Title—Lien and Title—Judgment in Former Suit—Res Judicata.**

The plaintiff, at the commencement of the first action to determine adverse claims under the statute, held a lien on the land in question, which he' claimed had at that time ripened into a title, but which in fact had not. The case was tried. The court so found, and ordered his complaint to be dismissed. Thereupon he moved for additional findings, setting out the facts out of which his lien arose, and declaring the same a valid lien on the premises, which findings were allowed, and judgment ordered accordingly. In the judgment entered, it was adjudged that he had a valid lien on the land, but no other interest in it. Between the time of trial and the time of the application for additional findings, his lien ripened into a title, which cut off the inferior valid lien of defendant; but this lien was by the judgment adjudged to be valid, and subsequent to plaintiff's lien. In a subsequent action brought by plaintiff to determine defendant's adverse claims, *held*, the plaintiff's lien having given him no right to possession, and having failed to prove title, any further question as to its legality or priority was wholly foreign to the first action, but was injected into it and voluntarily litigated by the parties, it was also a question to determine which no independent action could be maintained between the parties. It was therefore not in the nature of an amendment which related back to the commencement of the action thus prematurely brought, but must be considered as a proceeding commenced at the time the application was made for additional findings, at which time plaintiff had no lien, but had the title in its stead. The judgment is valid, though irregular; and, whether it speaks from the date of its entry or only from the time of such application, it is in either case an adjudication that plaintiff had no title to the land, and estops him from claiming that he had such title, or that defendant's lien is cut off by the same.

**Action to Quiet Title—Right of Plaintiff in Possession.**

Plaintiff, being in possession at the time the first action was commenced, had a right, under the statute, though he had no title, to maintain the action for the purpose of determining the validity of defendant's claim of lien; but it was foreign to the action to go further, and determine the priority of the liens on a title under which plaintiff did not hold, or claim to hold.

[1] Reported in 68 N. W. 98.

Appeal by defendant from an order of the district court for Swift county, Powers, J., denying a motion for a new trial.    Modified.

G. W. Stewart, for appellant.

S. H. Hudson and Brooks & Hendrix, for respondent.

CANTY, J.    Both parties claim that their rights in this action are res adjudicata, by reason of the judgment in a former action between them.

The former action was commenced in October, 1891, by this plaintiff against this defendant to determine the adverse claims of the defendant to the land in question.    Plaintiff alleged that he was the owner of the land, and in possession, and that defendant claimed a lien adverse to him.    Defendant, in his answer, denied plaintiff's ownership and possession; set up a lien by reason of a mortgage held by him, and made by a third party, who, defendant alleged, was the owner of the land; and defendant prayed that the action be dismissed.    The case was tried before the court, without a jury, in April, 1892.    And the court, on December 29, 1892, found that plaintiff was not the owner of the land, but was in possession of the same, and that he is not entitled to any relief, but that his complaint should be dismissed; that, by virtue of the mortgage set up in the answer, defendant had a lien on the land for the amount of the mortgage; that he was entitled to judgment accordingly, and judgment was so ordered.    Thereupon, on the application of plaintiff, the court, on April 17, 1893, made additional findings of fact, from which it appears that tax judgments were entered against the land in the years 1882, 1883, and 1884, and tax sales thereupon had; that plaintiff was the owner and holder of the certificates of sale issued on such tax sales; that certain of said tax judgments were in all respects valid, and the sales thereon valid and regular.    As conclusions of law, the court found "that plaintiff has a good and valid lien upon the real estate described in the complaint, for the aggregate amount paid by said S. H. Hudson for the several tax certificates herein found to have been issued to said Hudson" (plaintiff's assignor), for a specified sum; that defendant's lien was subordinate to plaintiff's lien; and that judgment be entered accordingly.    Thereupon, on June 8, 1893, judgment was entered as follows:

"It is ordered, adjudged, and determined that said plaintiff has a good and valid lien upon the land described in the complaint, as follows [describing the land], to secure the sum of forty-two and $^{65}/_{100}$

dollars, and upon [describing the land], to secure the sum of sixty-two and $^{78}/_{100}$ dollars, and plaintiff has no other interest in the land described in the complaint; that defendant has a lien upon the land described in the complaint to secure the sum of thirteen hundred and fifty dollars, and interest since the 20th day of June, 1891, at the rate of ten per cent. per annum; and that the lien of plaintiff aforesaid is prior and paramount to the lien of defendant as aforesaid."

Plaintiff appealed to this court from that judgment, but the only question urged was the sufficiency of notices issued in 1886 and 1889 of the time of expiration of redemption from the tax sales. Both the court below and this court held that these notices were void, and gave plaintiff no title. See Eide v. Clarke, 57 Minn. 397, 59 N. W. 484. Plaintiff seemed to have anticipated this result, as on June 27, 1892, he caused new notices to be issued, which were served on parties other than defendant, returned, and filed in the auditor's office on June 28, 1892, under which, if valid, the time to redeem expired in 60 days thereafter, or on August 27, 1892.

After the decision of this court affirming the judgment in the former action, this action was commenced under the statute to determine the adverse claims of defendant. On a trial before the court, without a jury, the court found all of the foregoing facts, and held the last notices of expiration of redemption valid; found, also, that the time to redeem expired accordingly; that defendant is estopped by the former judgment from questioning the regularity of the tax proceedings; that plaintiff is now the owner of the land free and clear of the lien and claim of defendant. From an order denying a new trial, defendant appeals.

It will be observed that the time to redeem expired, and plaintiff became the owner of the land (if at all), in August, 1892, or between the time the first action was tried and the time the court made its original findings therein, and before the time of the application for additional findings; so that plaintiff had already become the owner of the land when such application was made, and was the owner when the court, on that application, found that plaintiff had such lien, and when the judgment thereon was entered, adjudging that he had no other claim but such lien. The question then arises whether the judgment is an adjudication that, at the time it was entered, plaintiff was not the owner of the land, as defendant contends, or

whether such judgment merely relates to the time of trial, and is only an adjudication that plaintiff was not the owner of the land at that time, as he contends. He contends that it was merely the case of an action prematurely brought, and no bar to the bringing of a subsequent action after his cause of action had in the meantime accrued, and cites such cases as State of Wisconsin v. Torinus, 28 Minn. 175, 9 N. W. 725, and Oleson v. Merrihew, 45 Wis. 397. No cause of action at all existed in either of these cases at the time the first action was commenced, so that in both cases the first action was wholly premature. In State of Wisconsin v. Torinus the cause of action did not accrue until the first action terminated in judgment. In Oleson v. Merrihew the cause of action accrued while the first action was pending, and before judgment therein.

Nothing is better settled than the rule that, if an action is prematurely brought, a cause of action subsequently accruing cannot be set up by supplemental pleading, and the action maintained. There are two classes of cases in which there is no difficulty: First. When the cause of action is prematurely brought; that is, before any cause of action at all has accrued. There the proper judgment is dismissal, and a cause of action accruing after the commencement of that action is not barred. Second. Where the claim accrues by instalments and the action is not premature, but during the pendency of the action a subsequent instalment becomes due, for which a separate action may be maintained. There the subsequent instalment cannot be set up by supplemental complaint, and, of course, is not barred. But a type of case materially different from this class may sometimes arise, where the action is not premature, but increases during the pendency of the action, but not by the addition of some well-defined, distinct instalment, or where the original cause of action itself changes, and becomes something else; as, for instance, where a lien changes into a title, during the pendency of a statutory action to determine its character as an adverse claim. Whether or not, in such a case, the judgment speaks from its date, or only from the day of trial, is a question which we need not here determine.

We are of the opinion that the case now before us does not belong to any of the types or classes above referred to. It is simply a case where, as to the matter in question, the first action was prematurely commenced, but, during the pendency of the action, the parties in-

jected into it, and voluntarily litigated, such matter, which was wholly foreign to the action, and for which neither this action nor any other action could at that time have been maintained at all; and on this matter a judgment on the merits was rendered, while the only proper judgment which could have been entered if the parties had proceeded regularly was a judgment which took no cognizance of this matter at all. At the time that the first action was commenced, plaintiff had no title; nothing but the naked possession. It is true that the statute authorizes any one having possession, without title, to maintain an action to determine adverse claims. Child v. Morgan, 51 Minn. 116, 52 N. W. 1127. Then plaintiff was entitled to maintain the first action, for the purpose of determining the validity of defendant's mortgage lien; and if plaintiff held or claimed under the title on which that mortgage was a lien, he might perhaps have been entitled (at least on proper pleadings) to go further, and show that, although defendant's lien was in fact valid, plaintiff himself had a paramount lien on the same title, which rendered defendant's lien less valuable or less effective. If plaintiff held that title, and had brought this action for the purpose of determining his rights under the same, he might incidentally have litigated the priority of these liens in determining such rights; and, as incidental to determining such priority, he might, perhaps, have litigated the validity of his own lien. But plaintiff is a total stranger to that title, and his lien gave him no right to possession, and in no manner aided his possession. Then neither the validity nor priority of that lien was a matter to be determined in that action, or in any other action between these parties alone, brought solely for that purpose. A bill in equity for that purpose would not lie between these two lien claimants alone, and not as incidental to the granting of some other relief. Then it seems to us that the foreign matter thus injected into the action cannot be regarded as in the nature of an amendment which relates back to the commencement of the action, or even to the time of trial. But the court had jurisdiction, and, though the judgment on the merits determining the validity and priority of plaintiff's lien is wholly irregular, it is valid.

We are of the opinion, therefore, that, so far as this judgment adjudicates the status of plaintiff's lien, it does not relate back to the commencement of the action, or to the time of trial, or any further

back than the time when such irregular controversy was injected into the case by the application of plaintiff to have additional findings. made by the court; that, as to this controversy, if the judgment does not speak from the time of its entry, it does not, at least, speak from any earlier time than the time at which such application for additional findings was made. But several months prior to that time plaintiff's lien had ripened into a title. Then we must hold that he is by the judgment estopped from asserting that title, or from asserting that he still has anything more than a lien for the taxes, as was adjudged by that judgment.

The conclusions of law of the court below are set aside. In other respects the order denying a new trial is affirmed, and the cause remanded to the court below, to enter judgment in accordance with this opinion.