WILLIAM M. ORMOND v. R. D. SAGE.[1]

November 3, 1897.

Nos. 10,648—(54).

**Justices of the Peace—Jurisdictional Amount—Interest.**

The jurisdiction of a justice of the peace is to be determined by the "amount in controversy" at the commencement of the action. Interest accruing after action begun follows as a mere incident to the subject of the litigation, and the justice may include it in the judgment, although the amount is thus increased to more than $100.

**Pleading—Demand of Interest.**

A party is entitled to interest by way of damages on money due on contract from the commencement of the action to the time of trial, although not expressly demanded in his complaint; such damages being implied by law.

Appeal by defendant from a judgment of the district court for Olmsted county after a verdict for plaintiff. Affirmed.

*O. E. Hammer,* for appellant.

*W. Logan Breckenridge,* for respondent.

MITCHELL, J.

This action was originally brought in a justice's court, the plaintiff in his complaint demanding judgment for $99.50 as a balance due on three promissory notes. The trial resulted in a verdict and judgment against the defendant for $77.70, whereupon he appealed to the district court upon questions of both law and fact. The case went to trial in the district court, without any amendment of the complaint; and the trial resulted in a verdict against the defendant for $102.55, which would be just about the amount claimed in the complaint with interest added from the date of the commencement of the action in justice's court to the date of the trial in the district court; but, without making any allowance for interest, the verdict would be $3.05 in excess of the amount claimed in the complaint. From the judgment entered on the verdict, the defendant appealed to this court, the objection urged against the judgment being that it was in excess of the amount claimed in the complaint.

[1] Reported in 72 N. W. 810.

There are several reasons why the judgment should be affirmed, but it is sufficient to say that the verdict is not greater than the plaintiff was entitled to recover under the allegations of his complaint, either in justice's court or in the district court. Upon money due he was entitled to interest, by way of damages, from the time the action was brought down to the date of trial. It is immaterial that plaintiff did not in his complaint ask for interest from the date of the commencement of the action; he would be entitled to it by implication of law. There is no jurisdictional question in the case. In determining the jurisdiction of a justice, "the amount in controversy" is to be determined as of the date of the commencement of the action. When the amount in controversy is within his jurisdiction at the inception of the suit, his jurisdiction cannot be defeated because, by reason of delay and consequent accumulation of interest, the amount is increased while the suit is pending and before judgment. In other words, in determining the question of jurisdiction, interest accruing after action begun cannot be taken into the estimate. Wells, Jur. §§ 79, 100. Interest accruing after action begun is as much a mere incident to the subject of the litigation as are costs; and the justice may include it in the judgment, although the amount of the judgment is thus increased to more than $100.

Judgment affirmed.