ABIGAIL H. COLBY v. JOHN STREET, SPECIAL ADMINISTRATOR.[1]

JOHN STREET, APPELLANT.[1]

December 23, 1921.

No. 22,539.

**Specific performance of contract—evidence.**

1. The evidence outlined in the opinion was sufficiently clear, satisfactory and convincing to establish the existence and reasonableness of the contract which plaintiff sought to enforce specifically.

**Identification of subject matter.**

2. The evidence identified with sufficient certainty the property which was the subject matter of the contract.

**Payment for special services.**

3. The fact that plaintiff was paid for special services performed in caring for her sister, is not inconsistent with the existence of the agreement she sought to enforce.

**Contract for services not measurable in money.**

4. The evidence warranted the conclusion that, pursuant to the alleged agreement with her sister, plaintiff assumed a personal and domestic relation to her and performed services of such a kind that their value was not measureable in money.

[1]Reported in 185 N. W. 954.

Finding sustained by evidence.

    5. The evidence sustains a finding that plaintiff was to receive the whole of the property described in the complaint.

After the former appeal reported in 146 Minn. 290, 178 N. W. 599, the case was tried before Childress, J., who made findings and ordered judgment as mentioned in the opinion. From an order denying his motion to vacate the findings and order for judgment and for judgment dismissing the action, or for a new trial, defendant appealed. Affirmed.

*C. P. Carpenter* and *A. J. Rockne,* for appellant.

*George R. Smith* and *H. Stanley Hanson,* for respondent.

Lees, C.

This action was brought to enforce specific performance of the contract referred to in the opinion rendered when this case was here before. Colby v. Street, 146 Minn. 290, 178 N. W. 599. After the case was remanded, the defendants answered and there was a trial by the court without a jury. The findings were in plaintiff's favor and defendant Street has appealed from an order denying his motion for judgment or a new trial.

It was found that in the year 1908 Mrs. Wilcox owned and occupied as her homestead the real property described in the complaint; that plaintiff and Mrs. Wilcox were sisters; that in 1908 plaintiff resided in Brooklyn, New York, and in that year Mrs. Wilcox, through correspondence, promised and agreed to give and leave her homestead, at her death, to plaintiff, if she would come to Northfield and live with her and care for her; that, acting on such promise, plaintiff came on August 16, 1908, and continually thereafter lived with and cared for Mrs. Wilcox until she died May 13, 1919; that on August 30, 1911, Mrs. Wilcox sold her homestead for $11,000 and purchased another for $3,750, where she lived until her death; that when she died she owned the second homestead and had $5,684 in bonds, mortgages and money, representing part of the proceeds of the sale of the original homestead, but failed to leave this property to plaintiff, although she had fully performed her part of the agreement alleged.

The conclusions of law were that plaintiff was the owner and entitled to the possession of the real and personal property above mentioned, and defendant Street, as special administrator of Mrs. Wilcox's estate, was directed to deliver the personal property to her.

On the appeal the defendant urged: (1) That the plaintiff failed to supply clear, satisfactory and convincing proof of the alleged agreement; (2) that, if there was an agreement as alleged, it failed to describe the property in question with sufficient definiteness to enable the court to decree specific performance; (3) that the plaintiff failed to perform her part of the agreement, if one there was, for the reason that it appeared by admissions in the pleadings that in September, 1914, Mrs. Wilcox fell and broke her hip and thereafter required more care and attention than before and paid plaintiff five dollars a week for such care; (4) that plaintiff has an adequate remedy at law by filing a claim against Mrs. Wilcox's estate for whatever she may still be entitled to receive for her services; (5) that Mrs. Wilcox originally owned a larger tract of land than she might claim as a homestead, and in no event was plaintiff entitled to anything in excess of the statutory homestead.

Plaintiff had preserved and put in evidence two letters she received from Mrs. Wilcox. In the first, dated July 29, 1908, Mrs. Wilcox said:

"I hope you will borrow the money which you and Edna and Westcott may need and come right away. * * * Remember if you come here to live—you will own something of your own sometime and can then do as you please with it. * * * I have a little money in the bank which I must keep for our living. * * * At present my house is rented at 16 dollars a month which will keep us from starving."

In the second letter, dated 6 days later and addressed "Dear Edna and Abbie," she said:

"You and Abbie do not realize what old age means. You wd think any other woman of my age without common sense to leave her own home * * * and go into a city rented one just to stay

a few months. I am not able to take such a journey. * * * If I am spared till you all come to me I shall be very thankful. Then you all will have a comfortable home and it will be Abbie's but if you all 'dilly dally' till some one else is obliged to take care of me— your mistake will tell against you. * * * Your best, true, wise course is to come here. I am sure you wd all like living here, and it is losing game to delay to come. * * * Come this month, be sure to come this month."

Mrs. Edna Smith named in the two letters was the daughter of Mrs. Wilcox's niece. She was a witness for plaintiff and testified that she read other letters from Mrs. Wilcox to the plaintiff. These letters had been lost or destroyed. Asked to state their contents, she answered:

"All of them ran about the same way; that she was not well at all; she wanted her sister to come out here; * * * to make up her mind as soon as possible; * * * she said her home was beautiful and she loved it * * * and if Aunt Abbie would come and take care of it, it would all be hers."

The witness testified that in 1910, when Mrs. Wilcox was showing her around her grounds, she said she hoped Aunt Abbie would take as good care of the place when it was hers as she had and that it was all going to be hers.

There were two houses on the place, one occupied by Mrs. Wilcox and the other by Mrs. Weicht, her tenant. Mrs. Weicht testified to several conversations with Mrs. Wilcox shortly before plaintiff came to Northfield. The substance of them was that she had written to plaintiff, asking her to come and live with her; that plaintiff had written she didn't want to come, but wanted Mrs. Wilcox to live with her in the East, and that she (Mrs. Wilcox) was going to write her sister that she would not go East, and finally said:

"She must break up her house and come here as in this house here I have lived so many, many years, in this house here I want to die, and if she comes * * * the home and the little I have shall be hers."

At this time plaintiff was engaged in teaching music and lived in an apartment in Brooklyn with Mrs. Smith and Westcott Smith, her son, a boy about 13 years old. Plaintiff and Westcott came to Northfield together and the two lived with Mrs. Wilcox. Mrs. Wilcox was then 83 years old and plaintiff 60 years old. After coming to Northfield plaintiff did most of the housework, with some assistance from Mrs. Wilcox, until the latter was injured in September, 1914. After that plaintiff gave her constant personal care in addition to doing the housework. She also contributed towards the purchase of food and provided extras that Mrs. Wilcox wanted.

Defendants submitted the case without offering any evidence.

1. The transaction was fair and the alleged agreement reasonable. The requirement of clear, satisfactory and convincing proof of a contract of this character to entitle a party to specific performance was satisfied by the evidence we have outlined. The findings are sustained as against the attack made on the ground first mentioned.

2. The evidence identified with sufficient certainty the property plaintiff was to have. The reference to it in the letters indicates clearly enough that the Northfield lots and buildings upon them were what Mrs. Wilcox had in mind and promised to leave to plaintiff if she came and lived with her.

3. The fact that after Mrs. Wilcox was injured she paid plaintiff $5 a week for caring for her is somewhat inconsistent with the existence of the agreement relied on by plaintiff, but does not conclusively negative its existence. Plaintiff had been earning a little money by soliciting orders for goods in the vicinity of Northfield. She was obliged to give up this work and devote all her time to Mrs. Wilcox. The money she paid her would make up for her loss of income. The court may have been of the opinion that it was paid for that reason, and was not bound to find from this circumstance that the agreement alleged in the complaint had not been made or performed.

4. It is well settled that, to warrant specific performance of a parol contract to give property by will, it is not only necessary to establish the contract, but it must also appear that it was performed

to such an extent and in such a manner that the claimant cannot be properly compensated in damages. Plaintiff's assumption of a peculiar personal and domestic relation towards Mrs. Wilcox pursuant to the contract, and the giving of her society and the performance of services incident thereto of such a kind and character that their value was not measurable in money, was sufficient to support a decree for specific performance within the rule stated. Colby v. Street, 146 Minn. 290, 178 N. W. 599. It is quite evident that in her old age Mrs. Wilcox craved the companionship of her sister. Doubtless she could have employed a stranger to render many of the services the plaintiff performed. Naturally she preferred to receive them from her sister and nearest living relative, together with the pleasure of her society and the comfortable assurance that one of her own blood would be with her for the remainder of her life. These are things money cannot buy. The case is one where adequate pecuniary compensation could not be made.

5. The property Mrs. Wilcox originally owned was not divided by fences or hedges. It was a single plot of ground with two houses on it. The court was justified in finding that Mrs. Wilcox intended that it should all go to the plaintiff. There was nothing in her letters or in the evidence tending to show that she ever had in mind a division of the property into two tracts or that a portion of it was to be withheld from plaintiff. She did not use the term "home" in the sense imported by the word "homestead."

All other questions discussed in the briefs were disposed of on the former appeal.

Order affirmed.