ABIGAIL H. COLBY v. JOHN STREET, SPECIAL ADMINIS-
TRATOR OF THE ESTATE OF IRENE B. C. WILCOX,
DECEASED, ET AL.[1]

April 6, 1923.

No. 23,301.

**Trial court cannot make deductions from amount of judgment, unless both parties consent.**

In the absence of agreement of the parties, a trial court has no power to make offsets or deductions from a judgment, involving matters not litigated at the trial, but such deductions may be made by agreement of parties. In this case, deductions were made from the judgment by an order which was made on application showing consent. The allegation of consent was not denied. The order is sustained.

Action in the district court for Rice county. The history of the litigation is given in the opinion. From an order denying plaintiff's motion to set aside the order of May 27, 1922, Childress, J., plaintiff appealed. Affirmed.

*George R. Smith* and *H. Stanley Hanson,* for appellant.
*C. P. Carpenter,* for respondent.

HALLAM, J.

This action was brought to enforce specific performance of an agreement by deceased to devise certain property to plaintiff, her sister. After litigation, which involved two appeals to this court, judgment was entered January 17, 1922, giving to plaintiff a tract of land and $5,684 in money, and the interest and income thereon since the death of deceased. The property so given was part of the proceeds of the property deceased had agreed to devise. Almost immediately, a motion was made by defendant to amend the judgment by eliminating the interest and increase of said property, and the motion was granted. On the heels of that, another motion to amend was made by defendant, to make the judgment subject to

[1] Reported in 193 N. W. 34.

certain claims and expenses. This was denied. Then a third motion was made for a deduction of an amount paid by defendant for taxes and insurance on the property given plaintiff, and to deduct, as an offset, the value of certain property of the estate which was in possession of plaintiff. These items amount in all to $248.87. The verified petition of defendant stated that it had been "agreed by and between the attorneys for both parties" that these items might be deducted. There is no answer or affidavit of denial of this agreement. The court again amended the judgment, and allowed these deductions, by order filed May 27, 1922. Other deductions asked, but not claimed to have been agreed upon, were denied. Later plaintiff moved to vacate the order of May 27. This was denied by order filed September 12, 1922. From this order plaintiff appeals.

The deductions made by the order of May 27, 1922, are not responsive to any finding made by the court. They arose, apparently, from matters not litigated at the trial. They were matters by way of offset. It is not good practice to make such offsets or deductions after judgment, and, in the absence of some agreement of parties, the court has no power to do so. Day v. Mountin, 89 Minn. 297, 94 N. W. 887. We have no doubt, however, that such deductions may be made by agreement after judgment entered. Defendant made a· showing of such an agreement in this case, and the record then made does not show that the agreement was denied. On this record, we may assume that the court acted on that theory and determined that such agreement or stipulation was made. The deduction may therefore be sustained.

Order affirmed.