## INDEPENDENT SILO COMPANY v. H. A. HANSON.[1]

July 20, 1923.

No. 23,416.

**When plea in abatement is necessary.**

1. The defendant in an action on a promissory note, who wishes to take advantage of the fact that the plaintiff is not the real party in interest or has commenced the action prematurely, must plead the facts as matter in abatement.

**Answer containing general denial sham.**

2. An answer consisting of a general denial does not raise an issue as to the plaintiff being the real party in interest, and, when it is shown that defendant executed the note and that it is past due and has not been paid, the answer may be struck out as sham.

Action in the district court for McLeod county to recover $384.33 upon a promissory note. From an order, Daly, J., striking out his answer as sham and ordering judgment in favor of plaintiff, defendant appealed. Affirmed.

*William O. McNelly* and *C. G. Odquist,* for appellant.

*Joseph P. O'Hara,* for respondent.

[1]Reported in 194 N. W. 879.

LEES, C.

Appeal from an order striking out defendant's answer as sham. He was sued as the maker of a promissory note payable to Falconer & Juul. It was alleged in the complaint that the payees had indorsed and delivered the note to the Citizens Bank of Hutchinson and that the bank had indorsed and delivered it to plaintiff, who was the legal owner and holder, and that it had not been paid. The answer was a general denial. Affidavits were presented in support of and in opposition to the motion to strike. It appears from them that, if defendant has any defense at all it is that the bank, instead of plaintiff, was the real party in interest when the action was commenced. He contends that the affidavits of the vice-president and cashier of the bank show that Falconer & Juul transferred the note to the bank and guaranteed its payment, and that on February 10, 1922, Juul paid the bank and it indorsed the note in blank. The summons was served on February 9, 1922, and defendant therefore assets that suit was brought at least one day before plaintiff could possibly have become the owner of the note. Plaintiff's attorney made an affidavit stating that he received the note from plaintiff on February 9 and brought suit on it on that day. A copy of the note is set out in the complaint, a circumstance which lends support to the affidavit.

Upon this state of facts, can it be said that the answer raises an issue as to the real party in interest when the action was commenced? If it does not, defendant cannot complain of the court's action. The rule in a majority of the courts is that the fact that a plaintiff is not the real party in interest or that his title to the cause of action is defective is matter in abatement and should be presented by plea or answer in abatement. 1 C. J. p. 120. In Holbrook v. Sims, 39 Minn. 122, 39 N. W. 74, 140, it was held that an answer admitting the execution of certain notes and denying an allegation in the complaint that they were executed to plaintiff, who was the owner and holder of them, made no issue as to his being the real party in interest. In Eide v. Clarke, 65 Minn. 466, 68 N. W. 98, it was held that, if suit was begun before plaintiff had any cause of action, defendant was entitled to a dismissal. In Fitterling v.

Welch, 76·Minn. 441, 448, 79 N. W. 500, a petition in insolvency proceedings, asking for an order directing the assignee to pay a claim, failed to show that the petitioner had a present right to the relief demanded. The court said:

"This was a matter in abatement, going * * * to the petitioner's right to proceed at that time. Matters in abatement can only be taken advantage of by demurrer or by answer."

These cases indicate pretty clearly that a defendant who wishes to make the point that the action was commenced prematurely or that the plaintiff is not the real party in interest must plead the facts from which that conclusion may be drawn or move for a dismissal if the facts do not come to his knowledge before he answers. The judgment to which he is entitled is not a bar to a subsequent action. It merely determines that plaintiff could not maintain the action when he commenced it. Defendant did not plead the bank's alleged ownership of the note at the time of the commencement of the. action, and, following Holbrook v. Sims, supra, we hold that he was not in a position to establish the only defense he attempted to interpose and cannot complain of the order striking out his answer and giving plaintiff judgment.

Order affirmed.