## ABIGAIL COLBY v. JOHN STREET.[1]

June 25, 1926.

No. 25,339.

In action at law relief given as of time of beginning action; in suits in equity as of time of end of suit.

1. The general rule in actions at law is that the rights of the parties are determined as of the time of the beginning of the action. In this respect a suit in equity stands on a different footing, the general rule being that, to serve the ends of justice, equity will adapt its relief to the state of facts existing at the time of the determination of the suit.

[1]Reported in 209 N. W. 537.

**Second action for interest received by defendant barred by judgment against him in first action.**

2. Plaintiff brought suit to compel specific performance of a promised devise of real property. The promisor had sold the property and the proceeds were impressed with a trust in plaintiff's favor. The court gave her judgment for the amount received by defendant, but not for interest received after the suit was commenced. Plaintiff then sued for the interest. *Held* that it was within the power of the court, in the original action, to decree payment of interest as well as the principal, and that the judgment was a bar to the maintenance of the second action.

Equity, 21 C. J. p. 661 n. 63, 65, 74; p. 663 n. 90.
Judgment, 34 C. J. p. 818 n. 92.
Specific Performance, 36 Cyc. p. 755 n. 25 New.

---

See 10 R. C. L. p. 559.
See note in 2 A. L. R. 534; 15 R. C. L. p. 965; 3 R. C. L. Supp. p. 511; 4 R. C. L. Supp. p. 1026; 5 R. C. L. Supp. p. 860.

Action in the district court for Rice county. The case was tried before Senn, J., who ordered judgment in favor of defendant. Plaintiff appealed from the judgment. Affirmed.

*H. Stanley Hanson,* for appellant.

*C. P. Carpenter,* for respondent.

LEES, C.

The nature of the litigation, of which this appeal is the final chapter, is disclosed by Colby v. Street, 146 Minn. 290, 178 N. W. 599, 151 Minn. 25, 185 N. W. 954, and 155 Minn. 157, 193 N. W. 34.

The present action is one to recover interest received by defendant after plaintiff commenced an action against him in which she obtained judgment for the payment of $5,684 and for the recovery of certain real property. The case was tried without a jury. The court found that on October 11, 1919, plaintiff commenced the action in which she recovered the judgment above mentioned; that the action was brought to recover bonds, mortgages and money held by defendant as special administrator of the estate of Irene B. C. Wilcox; that the trial was concluded on March 1, 1921, and resulted in an

order for judgment in plaintiff's favor for a specific sum of money; that plaintiff's attorney caused judgment to be entered for the sum specified, plus interest subsequent to the date of the commencement of the action; that thereafter defendant moved that the judgment be amended by deducting the amount added for interest; that the motion was granted and the judgment amended accordingly; that plaintiff abided by and acquiesced in the order amending the judgment, and that she was concluded thereby and could not maintain the present action. Upon these findings a judgment of dismissal was entered and plaintiff appealed.

In the brief submitted in plaintiff's behalf, it is said that the present action was brought on the theory that, after the first action was begun, defendant received interest on notes, bonds and mortgages which belonged to plaintiff, and that, when the securities were awarded to her, the income therefrom actually received by defendant was held by him under a constructive trust in her favor, which gives her a right of recovery in this action. Todd v. Bettingen, 109 Minn. 493, 124 N. W. 443, in which the court discussed at some length the equitable doctrine which underlies actions for money had and received, is cited to sustain plaintiff's position.

Counsel for defendant replies that plaintiff had but one cause of action; that it was enforceable in the first suit; that a single cause of action cannot be split into several parts and an action brought upon each, Vineseck v. G. N. Ry. Co. 136 Minn. 96, 100, 161 N. W. 494, 2 A. L. R. 530, and that all matters which were or might have been litigated in the first suit are res adjudicata.

The rule that a former judgment, even though erroneous, is conclusive upon the parties, if the court had jurisdiction over them and over the subject-matter in litigation, is well settled. To take plaintiff's case out of the field of operation of the rule, State of Wisconsin v. Torinus, 28 Minn. 175, 9 N. W. 725, is cited. It was there held that a former adjudication does not affect after-acquired rights or rights which were not in existence when the judgment was rendered. Plaintiff asserts that she could not recover interest in the first action because none had been received by defendant when she brought suit.

The general rule in actions at law is that the rights of the parties are determined as of the time of the beginning of the action. Eide v. Clarke, 65 Minn. 466, 68 N. W. 98. In this respect a suit in equity stands on a different footing, the general rule being that to serve the ends of justice equity will adapt its relief to the state of facts existing at the time of the determination of the suit. Bauer v. International W. Co. 201 Mass. 197, 87 N. E. 637; Kilbourne v. Board, 137 N. Y. 170, 33 N. E. 159; Sherman v. Foster, 158 N. Y. 587, 593, 53 N. E. 504. This court has extended the rule to an action at law, holding that in an action on promissory notes plaintiff was entitled to recover interest from the time the action was brought to the time of the trial, although his complaint did not ask for interest accruing while the action was pending. Ormond v. Sage, 69 Minn. 523, 72 N. W. 810.

In her first action plaintiff asked for the specific performance of her contract with Mrs. Wilcox. We held that the relations between the two were analogous to those of the parties to an ordinary land contract; that a trust attached to the proceeds of the sale of Mrs. Wilcox's first homestead, and that plaintiff had the right to follow the proceeds into the hands of the defendant and charge him as a trustee holding the same for her use and benefit. In view of this ruling and under the authorities cited, we see no reason to doubt the power of the court to decree in the original suit the payment to plaintiff of the income from the trust estate which was or should have been received by defendant while the suit was pending.

In actions to compel the vendor to perform an ordinary contract for the sale of land, it has been held that the vendor is a trustee holding the legal title for the benefit of the vendee and must account to him for the rents and profits of the land, which he received or might have realized by due diligence, if it appears that the vendee was kept out of possession by the wrongful acts of the vendor. Smith v. Gibson, 15 Minn. 66 (89); Abrahamson v. Lamberson, 79 Minn. 135, 81 N. W. 768. Such actions are analogous to the one plaintiff brought in the first instance. When she commenced the action she knew that defendant was in possession of all the prop-

erty to which she laid claim. Her claim came into existence at the time of the death of Mrs. Wilcox. Plaintiff knew that litigation was necessary to enforce the claim. Her complaint prayed for specific performance and for general relief. A prayer for general relief is as broad as the equitable powers of the court. The general rule supported by numerous authorities is stated in 21 C. J. pp. 661-679, and is to this effect: The power of a court of equity to grant relief may not be exercised arbitrarily or capriciously, but the court has a broad discretion in framing its decree so as to adapt the relief to the circumstances of the particular case. Having acquired jurisdiction, it is the duty of the court to determine all the rights and claims of the parties which relate to the subject-matter and to enter a decree that will finally determine them and avoid a multiplicity of suits.

Under all the circumstances we think plaintiff was concluded by the judgment finally entered when all of the issues litigated in the first action were disposed of and that the case does not fall within the exception to the application of the general rule in respect to the effect of a former adjudication, which was noted in State of Wisconsin v. Torinus, supra.

Even though plaintiff's right to the income from the trust estate after she commenced the first action was not litigated in the original action, it might have been, and the rule of Klinkert v. Streissguth, 155 Minn. 388, 193 N. W. 687, must be applied.

Judgment affirmed.