MARGARET COLES *vs.* THOMAS J. YORKS and Wife.

November 15, 1883.

Unascertained Homestead—Mortgage by Husband alone—Remedy of Mortgagee.—Y. (a married man) owning a block of 12 city lots, in which he had an unselected and unascertained homestead, executed a mortgage of the entire block. *Held,* that the holder of the mortgage (overdue) may properly maintain an action for foreclosure, in which he may have the homestead ascertained and set off, and the remainder of the block sold to satisfy the mortgage.

Former Action Pending, when not a Bar.—The pendency of one action is not a bar to another where the relief sought in the two is entirely different, although the same questions may be to some extent involved in both.

Appeal by defendants from orders of the district court for Washington county, *Crosby,* J., presiding, overruling their separate demurrers to the complaint.

*Thompson & Manwaring,* for appellants.

*Marsh & Searles,* for respondent.

BERRY, J. The allegations of the complaint, so far as here important, are as follows: On April 24, 1873, Thomas J. Yorks was the owner of a block of land in Stillwater, an incorporated city, then

and ever since containing more than 5,000 inhabitants. The block was "duly platted, surveyed, and subdivided" into 12 lots, and the plat duly filed and recorded. Before and at the date mentioned, and ever since, said Thomas, being then and ever since the husband of his co-defendant, Sarah, occupied a house in the block "as a dwelling and homestead." At the date mentioned, said Thomas and Sarah, for the purpose of securing a note for $764, executed a mortgage of the block to one Charles. After the mortgage was signed by the Yorks, it was, without Sarah's knowledge or consent, altered by Thomas, the alteration being material as respected Sarah's rights in the block. April 23, 1881, Charles transferred and assigned to plaintiff the mortgage and note, which are wholly unpaid. This is an action for the foreclosure of the mortgage, to which end the plaintiff asks for judgment against Thomas Yorks for the amount due upon the note and mortgage; that the homestead in block 3 be "set off and admeasured" to defendants; and that the remainder of the block be sold to satisfy the judgment.

Upon the facts of his complaint, as above recited, he is clearly entitled to this relief. As respects the homestead right, and any other right which Mrs. Yorks may have in the block, the mortgage is void. *Coles* v. *Yorks*, 28 Minn. 464. But, as respects the block less the homestead, the mortgage is valid as against Yorks. *Wallace* v. *Harris*, 32 Mich. 380; *Van Horn* v. *Bell*, 11 Iowa, 465. The rightful homestead is a quantity of land not exceeding in amount one lot. Gen. St. 1878, c. 68, § 1. There are 12 lots in this block. Of these, defendants are entitled to a quantity not exceeding one as a homestead. The remainder is subject to the mortgage as against Yorks. *Wallace* v. *Harris, supra.* The homestead not having been selected and thus ascertained, a foreclosure sale, without some selection or ascertainment, would be void, (*Kipp* v. *Bullard*, 30 Minn. 84,) and hence the proper and obvious course for the plaintiff is to bring an action (as he has done) to foreclose, praying that the homestead may be first ascertained, and then the remainder of the block sold to satisfy the mortgage; the sale being, of course, subject to any rights of Mrs. Yorks in the property to be sold. *Black* v. *Lusk*, 69 Ill. 70; *Wallace* v. *Harris, supra.*

But it is alleged in the complaint that on October 4, 1879, Charles in form foreclosed the mortgage by advertisement, himself duly bidding the block in as one parcel; that on March 24, 1881, the statutory period of redemption having expired, he conveyed the block to plaintiff, and that subsequently the plaintiff, relying on the foreclosure and conveyance, brought an action against defendants for the recovery of the possession of the block, which is still pending. In the action at bar defendants demur to the complaint—*First,* upon the ground that it shows that there is another action pending between the same parties for the same cause; and, *second,* upon the ground that it shows that the mortgage has been foreclosed, and that the sale has never been annulled or vacated.

As to the second ground we need add nothing to what we have before determined, viz., that the foreclosure is *void,* as the complaint shows. The other ground is disposed of by the fact that the relief sought in the *other* is entirely different from that sought in the *present* action. *That* is an action to recover possession of the block. *This,* an action to foreclose a mortgage. Hence the former is not for the same cause and not a bar to the latter, though the same questions may be to some extent involved in both. *Bolton* v. *Landers,* 27 Cal. 104; and see *State of Wisconsin* v. *Torinus,* 28 Minn. 175. Though in the former action (upon the facts stated in the present complaint) the foreclosure must be held void, and therefore plaintiff adjudged to have acquired no right of possession under it, there would be no determination of the right of plaintiff to a foreclosure of the mortgage as respects the block, less the homestead, nor any ascertainment of the homestead as a preliminary to a foreclosure sale. The decision of the former action would by no means decide this.

The demurrers were therefore properly overruled, and the overruling orders are accordingly affirmed.