## NILES vs. GROOVER.

1. Where an owner of land sold a portion thereof, and subsequently sold a right of way to a railroad company passing through both his own land and that which he had previousty sold, in an action for money had and received, brought by a person holding by conveyances under the original vendee against such vendor, she would be entitled to recover, not merely the value of the land so illegally sold by the vendor as a right of way, but the amount received by him for that portion of the land belonging to her which he thus sold; and if, in the sale to the railroad company, all parts of the land conveyed by him were treated as equally valuable, and the purchase money was paid as a gross sum, then the plaintiff would be entitled to recover a proportion of the purchase money, corresponding to the proportion in which she held the land sold as to quantity.

2. Damages for bringing the case to this court are denied.

3. An action for money had and received was brought by Eliza E. Groover against S. D. Niles, and a recovery had by the plaintiff. The defendant moved for a new trial. Accompanying the motion is an agreed brief of the evidence appropriate to the case. In heading the motion for a new trial, the case is stated as "Sallie E. Groover *vs.* S. D. Niles," and it is stated that a verdict and judgment were rendered for the plaintiff, and that the defendant moved for a new trial:

*Held,* that the writ of error will not be dismissed because of the error in stating the name of the plaintiff. (Rep.)

March 14, 1887.

Actions. Principal and Agent. Practice in Supreme Court. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. September Term, 1886.

Reported in the decision.

ABBOTT & SMITH, for plaintiff in error.

G. A. HOWELL ; P. L. MYNATT, for defendant.

BLANDFORD, Justice.

It appears in this case that Niles was the owner of a certain tract of land lying west of the city of Atlanta, and that he sold and conveyed to one Josephus Camp ten acres of this tract by a proper deed of conveyance. Camp conveyed it to other persons and finally the title became vested in Mrs. Groover. The deed which Niles made to Camp had never been recorded. Niles sold a right of way to the railroad company through his own land, and also through the land of Mrs. Groover, one hundred feet wide for a railroad track, and made the railroad company a deed to the same, and received for this right of way a gross sum of money. Mrs. Groover brought an action for money had and received (for that is technically what this action is) against Niles to recover from him the money he had received from the railroad company for this land of hers.

It was argued here, in behalf of the plaintiff in error, that Mrs. Groover could not recover anything more than the value of the land which had been sold by Niles. We think that this view of the case is untenable. It makes no difference what the land is really worth. No matter what its intrinsic value may be, if he sold it without authority, and received a greater sum of money for it than it was worth, he held that money for her use, and she can maintain this action.

The only ground of the motion for new trial insisted upon is the third, which is as follows : Because the court erred in charging the jury as follows : "If you find that the plaintiff is entitled to recover, then she ought to recover her rightful proportion of the money which Mr. Niles received. What would be a rightful proportion must depend upon what the transaction between Mr. Niles and the railroad company was. If, in the sale from Niles to the railroad company, he and the railroad company treated all parts of the land which was conveyed by him to the company as equally valuable, then the plaintiff would be entitled to a proportion of the purchase money corresponding to the proportion in which she held the land as to quantity; that is, in such a case as I have just put, you would find out how much land there was in all, and then you would find out what proportion of that land she owns, and then allow her a sum of money corresponding to that proportion ;"—the foregoing being the whole charge of the court on that branch of the case.

1. It is insisted by the plaintiff in error that this charge of the court was wrong. We do not think it was, under the facts of this case, taking into consideration the testimony of Mr. Adair. He testified that the land was sold as a right of way through the entire tract of land of Niles, and also of Mrs. Groover, and that the money for the same was paid in bulk; but he further testified that her land was worth as much as Niles's land; although there is evi-

dence to the contrary of that, by Mr. Rice, another witness who testified in behalf of the plaintiff in error. The court gave this charge as applicable to the testimony of Adair, and he gave the contrary proposition as applicable to the testimony of Rice and others. We think the charge is correct, and that the verdict of the jury is amply sustained by the evidence.

2. We have been asked to give damages in this case for the bringing of the case to this court. It will occur to counsel for the defendant in error that there was a motion made to dismiss this writ of error on certain grounds, and the time occupied in the argument of that motion was almost equal to the time consumed in the argument of the main case; so we refuse to give such damages.

Judgment affirmed.