GEORGE H. MATHEWS and another *vs.* HENNEPIN COUNTY SAVINGS BANK and another.

November 1, 1890.

Abatement—Plea of Another Action Pending.—The plaintiffs commenced an action of ejectment, claiming title in fee. The defendant asserted title acquired by foreclosure of a mortgage. Then the plaintiffs commenced this action as against mortgagees in possession under the mortgage referred to in the former action, for an accounting as to rents and profits, alleging that the mortgage had been paid, and praying to be allowed to redeem if anything should be found due. *Held,* that the pendency of the former action was not a defence in abatement of the latter.

Appeal by plaintiffs from a judgment of abatement, entered in the district court for Hennepin county, where the issue on defendants' plea of another action pending for the same cause was tried by *Young,* J. The defendants are the bank above named and John J. Taaffe.

*Little & Nunn,* for appellants.

*Woods & Kingman* and *Hawley & Hall,* for respondents.

DICKINSON, J. This is an appeal by the plaintiffs from a judgment of abatement, entered by direction of the court on the ground of the pendency of a former action by these plaintiffs against the defendant Taaffe, for what was deemed to be the same cause of action as that here presented. We do not regard the causes of action to be the same. The former action was for the recovery of the possession of real property on a declaration of title in the plaintiff,—the legal action of ejectment, in which the legal title only was in issue,

the defendant asserting title to be in himself through the foreclosure of a mortgage executed by the owner of the legal title. This action is of an equitable nature. The plaintiffs assert the title to the same land to be in them, subject to the mortgage above referred to; the assignment of the mortgage to the defendant bank, and that the other defendant has or claims some interest in it; that the defendants entered into possession of the land and have so remained, enjoying the rents and profits thereof; and that the mortgage upon this land has been paid. An accounting is prayed as to the rents and profits, and that, if anything be found due, the plaintiffs be allowed to redeem, and that the plaintiffs recover possession. The nature and scope of the two actions, and of the relief or remedies sought and which might be appropriate in each, are very different, although both actions relate, to some extent, to the same subject. We hold that the pendency of the former action was not a defence in abatement of this. *Coles* v. *Yorks*, 31 Minn. 213, (17 N. W. Rep. 341.) It is unnecessary to consider whether *all* of the relief prayed for in this action would be granted during the pendency of the former action. This is not now important. The former action was dismissed in the district court, and, by a decision just filed, the judgment of dismissal has been affirmed. *Mathews* v. *Taaffe, supra,* p. 400.

Judgment reversed.