DANIEL S. PIPER v. JOSEPH A. SAWYER and Another.[1]

February 20, 1901.

Nos. 12,405—(223).

**Ejectment—Initial of Name—Plea in Abatement.**

> In an action to foreclose a mortgage, one of the parties defendant
> was described by his full name in the pleadings, but in the report of sale
> and order of confirmation by his initials only. It was claimed that the
> report and order were invalid because the party defendant was not
> stated therein. *Held*, the point not having been raised in the court
> below, it will not be considered on appeal. *Held*, also, that a certain
> action pleaded in abatement was not an action in abatement, because
> the complaint therein did not state a cause of action, but, if it did, that
> cause of action was not the same as the one involved in this appeal;
> the former being an action to set aside a certain agreement for failure
> to carry out its terms, and the latter being an action in ejectment.

Action of ejectment in the district court for Steele county.
The case was tried before Kingsley, J., who found in favor of
plaintiff. From a judgment entered pursuant to the findings, de-
fendants appealed. Affirmed.

*Joseph A. Sawyer*, for appellants.

*Wheelock & Sperry* and *Robert Taylor*, for respondent.

LEWIS, J.

Action by plaintiff to recover possession of certain premises in
the possession of defendants. The answer of defendants admits
the possession, and pleads the pendency of another action be-
tween the same parties in abatement. Upon the trial below,
plaintiff, as proof of his title to the premises, introduced in evi-
dence the judgment roll, the sheriff's report of sale, order of con-
firmation, and certificate of sale in a foreclosure action by plain-
tiff against said defendants. In support of their plea in abate-

[1] Reported in 85 N. W. 206.

ment, the defendants introduced the complaint, answers, and replies in the former action, which they claimed was pending between the same parties in reference to the same subject-matter. Judgment was entered in favor of the plaintiff, adjudging him to be entitled to the possession of the premises. Defendants appeal.

There are only two questions requiring consideration, and they are: First, was there any report or confirmation of the sale in the foreclosure action? and, second, does the former action, as pleaded, abate the present suit?

1. The argument of appellants to show that there was no report of sale, nor order of confirmation thereof, is based principally upon the assumption that the party defendant named in the title of the report and order is a different person than the party defendant named in the title to the complaint and summons and other proceedings. This claim is based upon the fact that in the report of sale and order of confirmation the name is written "J. A. Sawyer," whereas in the pleadings, summons, and other papers the name is "Joseph A. Sawyer." We shall not take the trouble to point out that it appears conclusive from the entire record that Joseph A. Sawyer and J. A. Sawyer are one and the same individual. It is sufficient, in disposing of this point, to say that, the question not having been raised on the trial below, it will not be considered by this court on appeal. The other objections to the record in the foreclosure action require no consideration.

2. The action pleaded in abatement was entitled, "Joseph A. Sawyer and Nellie A. Sawyer [defendants here] against Daniel S. Piper [plaintiff here] and Jane S. Piper." The substance of the allegations in the complaint is as follows: That defendant Joseph A. Sawyer was in 1895 the owner of the premises in question. That Piper was the holder of several mortgages upon the premises, and, there being certain other mortgages outstanding, an agreement in writing was entered into between the parties whereby the Sawyers agreed to deed the premises to Piper, and to pay to him $100 per month, and the total indebtedness against the property, amounting to $20,400, in some manner thereafter to be agreed upon, and also to pay the taxes and keep the buildings insured. Piper agreed to buy in the mortgages against the prop-

erty which were held by other parties, and to execute and deliver in escrow to a third party a warranty deed to the premises, to be delivered by such party to the Sawyers upon compliance by them with their part of the agreement. The complaint then alleges that Piper executed a deed, which one Livonia M. Whitney signed as his wife; that she was not in fact his wife, although represented as such; that one Jane S. Piper, living in an eastern state, was in fact the wife of Piper, and that she had not signed or executed any deed releasing her interest in the land; that defendants did not discover such fact until March, 1900; that, default having been made in the payments provided in the agreement, Piper commenced an action in July, 1896, in ejectment, against the Sawyers, which proceeding was declared invalid; and that thereafter Piper commenced the foreclosure action which resulted in a sale of the premises, Piper becoming the purchaser. Denial was made to the allegations of such complaint, so far as misrepresentation was concerned, by the answer of Daniel S. Piper and Jane S. Piper; and, so far as appears from the record, the action is still pending.

We cannot agree with appellants that such action is in abatement to the possessory action now before us on appeal. There are two reasons for so holding:

First. The complaint in that action does not state a cause of action. Let it be granted that Piper's real wife did not execute the deed which was delivered in escrow, and that he represented her as such by delivering the deed, when in fact the other lady was his wife; it does not appear that appellants were in any way injured by such misrepresentation. The agreement required plaintiff to execute and deliver in escrow a warranty deed of the premises, such deed to become effective and to be delivered only upon compliance by the Sawyers with their part of the agreement. The gist of the false representation is in a failure to carry out the agreement by Piper, by the delivery of a proper deed. It does not appear from the complaint that the Sawyers were in any manner injured by the failure to deliver a proper deed. They defaulted in the payments required by the agreement, and as a consequence foreclosure followed. The result might have been the same, so

far as the complaint shows, if the agreement had not been made at all. Piper held the mortgages, and could have foreclosed without such an agreement. The default by the Sawyers was in no way contingent upon the giving of the deed. The mere failure to deliver a proper deed was not the cause of the default. In short, the misrepresentations alleged did not place appellants in any worse position. By their own acts in failing to comply with the agreement, they were in no position to have it set aside for reasons upon which they did not rely.

Second. The subject-matter of the two actions is not the same. In that case the action was brought to set aside the agreement and foreclosure proceedings upon the ground that the agreement had not been carried out by Piper. The defendants did not seek affirmative relief, but rested upon pure defense. That was not a possessory action, the appellants being already in possession. Here the action is in ejectment against the appellants, who are in possession. A decree in that action in Piper's favor would not necessarily determine the issues in this.

The judgment is affirmed.