## ABIGAIL H. COLBY v. JOHN STREET, SPECIAL ADMINISTRATOR, AND OTHERS.[1]

### July 9, 1920.

### No. 21,822.

**Plea in abatement.**

1. A demurrer to a complaint on the ground that another action is pending accomplishes the same purpose as a plea in abatement. To be good, it must appear that a judgment in the former action would be a bar to a judgment in the second action. It is not good where the nature of the two actions is essentially different, though they relate to the same subject matter.

**Specific performance of decedent's contract to devise land — trust.**

2. The district and not the probate court has jurisdiction of an action for the enforcement of the specific performance of a contract by which a deceased owner of land had agreed to devise it to plaintiff, where plaintiff seeks to impress property acquired with the proceeds of the sale of the land with a trust in her favor.

**Specific performance — consideration for contract immaterial after full performance.**

3. By the terms of the contract set out in the complaint, plaintiff was to give up her occupation, remove from New York to Minnesota, and come to live with her widowed sister, an aged childless woman, and the latter was to devise her homestead to plaintiff. After full performance by plaintiff, the rule that an executory contract is not enforceable unless supported by a consideration cannot be invoked.

**Same — money judgment not adequate compensation for personal services.**

4. The contract was one which contemplated the giving by plaintiff to her sister of personal care and companionship in her daily life. Her services were of a nature not capable of being measured by any pe-

[1] Reported in 178 N. W. 599.

cuniary standard and cannot be adequately compensated by a money judgment.

**Limitation of action — sale of homestead before death of owner not a bar.**

5. Plaintiff's cause of action accrued at the date of her sister's death and was not barred by the statute of limitations by reason of the fact that more than six years before her death her sister sold and conveyed her homestead to a stranger.

**Title of owner subject to equitable interest of plaintiff.**

6. The effect of the contract, if performed, was to create an equitable interest in the homestead in plaintiff, with the legal title held by her sister subject to such interest. The beneficiaries named in the sister's will do not occupy the position of bona fide purchasers, but take the legal title to her property, subject to a trust in favor of plaintiff insofar as such property represents the proceeds of the sale of the homestead.

**Sale by vendor to third party — vendee's claim against proceeds of sale.**

7. When the vendor in a contract for the sale of land conveys it to one who purchases without notice of the vendee's rights, the latter is not limited to an action for damages against the vendor, but may treat the proceeds of the sale, so long as they are in the hands of the vendor or his personal representative and can be traced and identified, as substituted for the land described in the contract, and plaintiff has similar rights under her contract with her sister.

**Pleading liberally construed when demurred to.**

8. When a pleading is challenged by demurrer, it is to be liberally construed and taken to be true. not only with respect to facts expressly stated, but also as to all facts that can be implied from those alleged by reasonable or fair intendment.

Action in the district court for Rice county for the specific performance of a contract made by decedent. From an order, Childress, J., overruling defendants' demurrer to the complaint, John Street, special administrator of the estate of Irene B. C. Wilcox, deceased, and John F. Wyman appealed. Affirmed with leave to answer.

*C. P. Carpenter,* for appellants.

*George R. Smith, H. Stanley Hanson* and *Leo J. Gleason,* for respondent.

LEES, C.

This is an appeal from an order overruling a demurrer to the com-

plaint, the court having certified that the questions presented are important and doubtful.

In September, 1911, Mrs. Irene Wilcox of Northfield in this state executed a will, and in May, 1912, a codicil to it. She bequeathed $4,000 to a trustee for the benefit of her sister, Miss Abigail H. Colby, and the residue of her estate to others whose relationship to her does not appear. Mrs. Wilcox died in May, 1919, and when the will was offered for probate Miss Colby filed objections to it, on the ground that her sister was lacking in testamentary capacity and was under undue influence when it was executed. After a hearing, but before the probate court filed its decision, Miss Colby commenced this action in the district court to obtain specific performance of a verbal agreement with her sister alleged to have been made in August, 1908, which, as set forth in the complaint, consisted of a request by Mrs. Wilcox that Miss Colby come and live with her at Northfield; an offer or promise that if she did so Mrs. Wilcox, by her will, would devise to her her homestead in Northfield, and an acceptance of the offer by Miss Colby. The agreement is alleged to have been made under the following circumstances: Mrs. Wilcox was a childless widow, 85 years old, feeble, living alone, and needed and was desirous of the companionship of her sister, who was a vigorous woman 60 years old, a resident of Brooklyn, New York, and a music teacher by occupation. The two sisters and an aged brother were the only survivors of a family of eight girls and three boys. Mrs. Wilcox had married in 1858 and resided continuously at Northfield thereafter.

The complaint alleges that in September, 1911, she sold her homestead for $11,000, invested $3,750 of the proceeds in a new home in Northfield and the remainder in bonds and real estate mortgages. She had the title to all this property at the time of her death, and it is the property which Miss Colby seeks to obtain by this action.

It is alleged that from August, 1908, to May, 1919, Miss Colby resided with her sister, attended to her wants, cared for her in sickness, gave her the companionship and comforts she needed, performed services for her in the home, and contributed to its upkeep from her own funds, in reliance upon the agreement made in 1908.

The demurrer was interposed on the ground that it appeared that

there was another action pending between the same parties for the same cause, and on the further ground that the facts stated do not constitute a cause of action for specific performance.

1. A demurrer interposed on the first ground accomplishes the same purpose as a plea in abatement. Somers v. Dawson, 86 Minn. 42, 90 N. W. 119. To be good, a plea in abatement must show that a judgment in a former action pending would be a bar to a judgment in the second action. It is not good where the nature of the two actions is essentially different though they relate to the same subject matter. 1 Dunnell, Minn. Dig. § 5; Coles v. Yorks, 31 Minn. 213, 17 N. W. 341; Disbrow Mnfg. Co. v. Creamery P. M. Co. 115 Minn. 434, 132 N. W. 913, L.R.A. 1918A, 3; Seeger v. Young, 127 Minn. 416, 149 N. W. 735.

The proceeding in the probate court to establish the will did not involve or permit a trial of the issues which may arise in the present action. In that proceeding the due execution of the will, the testamentary capacity of the testatrix and her freedom from restraint or undue influence are the only issues for determination.

2. It was suggested at the argument that the probate court had exclusive original jurisdiction over plaintiff's alleged cause of action. Certain statements in Kleeberg v. Schrader, 69 Minn. 136, 138, 72 N. W. 59, led to the suggestion. In that case the subject of the contract was personal property, and the court remarked that, therefore, specific performance of the contract could not have been enforced if the decedent in her lifetime had repudiated it; that the remedy would be to file a claim for damages against the estate and that the probate court had jurisdiction to hear and determine such a claim.

In the case at bar the subject of the contract was real property, and the subject of the present action is the property which was purchased with the proceeds of the sale of such real property.

In the Kleeberg case the rights of the claimant rested upon a contract which was treated as a will. Here, there was an alleged agreement to make a will, which has not been kept. The Kleeberg case has been explained or limited in its application and must be read in connection with the later decisions of this court. Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4, 43 L.R.A. 427, 74 Am. St. 490; State v. Probate Court of

Ramsey County, 103 Minn. 325-329, 115 N. W. 173; Odenbreit v. Ut-heim, 131 Minn. 56-60, 154 N. W. 741, L.R.A. 1916D, 421; State v. Probate Court of Lyon County, 140 Minn. 342, 168 N. W. 14; Rux v. Adam, 143 Minn. 35, 172 N. W. 912.

If the contract is one which may be specifically enforced, we think an action to enforce it may properly be brought in the district court.

3. The principal controversy is over plaintiff's right to specific performance. It is first urged that the contract pleaded is without consideration, because Miss Colby did not promise to do anything for her sister except to accept her bounty. Miss Colby gave up her vocation and home in the east and for 11 years gave Mrs. Wilcox the care and companionship she evidently expected to receive when she asked her to come and live with her. Mrs. Wilcox may not have been bound to accept her sister's services, and Miss Colby did not in terms promise to live with and care for her, but the agreement has been executed on her part and is no longer open to the objection now advanced that originally it had no consideration. 1 Dunnell, Minn. Dig. § 1792; Peavey v. Wells, 136 Minn. 180, 161 N. W. 508; C. S. Brackett Co. v. Lofgren, 140 Minn. 52, 167 N. W. 274, L.R.A. 1918F, 998. By this we do not mean to say that the agreement was not supported by a consideration when it was made.

It is next urged that plaintiff is not entitled to specific performance because she may be properly compensated for her services in money. Granting that Miss Colby's services were in part those which are ordinarily rendered by one near relative to another when both occupy a home which they share in common, they did not consist only in doing household work which might as well have been done by a stranger. A fair inference from the complaint is that the personal care and companionship of her sister was what Mrs. Wilcox wanted and received during the final years of her life. There is no pecuniary standard by which to measure the value to one in her situation of the daily ministrations of a near relative.

We think the facts alleged bring the case within the doctrine stated in Svanburg v. Fosseen, supra; Stellmacher v. Bruder, 89 Minn. 507, 95 N. W. 324, 99 Am. St. 609; Laird v. Vila, 93 Minn. 45, 100 N. W. 656, 106 Am. St. 420; Robertson v. Corcoran, 125 Minn. 118, 145 N. W. 812; and

Greenfield v. Peterson, 141 Minn. 475, 170 N. W. 696. See also Howe v. Watson, 179 Mass. 30, 60 N. E. 415.

Plaintiff's cause of action is not barred by the statute of limitations. The basis for this contention is the fact that the original homestead was sold in 1911—more than six years prior to the commencement of this action. Plaintiff's cause of action accrued when her sister died without making a will in her favor; hence the statute of limitations did not begin to run until 1919. In re Hess' Estate, 57 Minn. 282, 59 N. W. 193; Wagner v. Seaberg, 138 Minn. 37, 163 N. W. 975; Savage v. Minnesota L. & T. Co. 142 Minn. 187, 171 N. W. 778.

The most difficult question is whether plaintiff lost her right to enforce specific performance by reason of the sale and conveyance of the homestead. Under an executory contract for the sale of land the title in equity is vested in the vendee, 3 Dunnell, Minn. Dig. § 10045, Greenfield v. Olson, 143 Minn. 275, 173 N. W. 416, the legal title remaining in the vendor as security for the purchase price, and then in trust for the vendee. Chemedlin v. Prince, 15 Minn. 263 (331); Smith v. Lytle, 27 Minn. 184-190, 6 N. W. 625; Berryhill v. Potter, 42 Minn. 279, 44 N. W. 251; Schraiberg v. Hanson, 138 Minn. 80, 163 N. W. 1032; 3 Story, Eq. Jur. § 1612; 5 Pomeroy, Eq. Jur. § 2276. An excellent statement of the principles of equity which are applicable to land contracts will be found in Taylor v. Kelly, 56 N. C. 240.

As against a bona fide purchaser from the vendor, the vendee cannot assert his rights under the contract. Newton v. Newton, 46 Minn. 33, 48 N. W. 450; 5 Pomeroy, Eq. Jur. § 2275; Fry, Spec. Perf. § 241. And see Akerberg v. McCraney, 141 Minn. 230, 169 N. W. 802. The heirs and devisees of the vendor do not occupy the position of bona fide purchasers. Wellendorf v. Wellendorf, 120 Minn. 435, 139 N. W. 812, 43 L.R.A.(N.S.) 1144.

If the legal title to the land held in trust devolves by descent upon the heirs of the trustee, it is subject in their hands to the trust under which it was originally held. Irvine v. Campbell, 121 Minn. 192, 141 N. W. 108, Ann. Cas. 1914C, 689. If the vendor conveys to a third person who purchases with notice of the vendee's rights, the latter may enforce specific performance against the purchaser or, at his option, treat

the conveyance as a breach of the contract and resort to an action for damages. Meyers v. Markham, 90 Minn. 230, 96 N. W. 335, 787; 5 Pomeroy, Eq. Jur. § 2275; 2 Story, Eq. Jur. § 1073; Fry, Spec. Perf. § 206.

A contract to devise specific property to a particular person is enforceable. Such a disposition of property is as much the subject of an executory contract as any other. Newton v. Newton, supra. We see no reason why such a contract should not be held to make the landowner a trustee as the holder of the legal title to be ultimately transferred by devise of the land to the other party to the contract, or why the relations between the parties in this respect at least are not strictly analogous to those of the parties to the ordinary land contract. Miss Colby might have enforced specific performance of the contract at her option, if the purchaser had acquired title with notice of her rights. She ought to have a like option as to the property substituted for the homestead upon a sale to a purchaser without notice. Equity has always recognized the right of the beneficiary of a trust to follow the trust fund or estate so long as it can be traced and identified, and to assert his rights in it as against any one not a bona fide purchaser for value. It is not the identity of the form, but the substantial identity of the fund or property, which is the important thing, and it is immaterial that the transmutation of the form of the property may have been effected with the acquiescence of the beneficiary of the trust. Twohy Merc. Co. v. Melbye, 78 Minn. 357, 81 N. W. 20; Shearer v. Barnes, 118 Minn. 179, 136 N. W. 861; 3 Pomeroy, Eq. Jur. § 1051; Taylor v. Kelly, supra. In the case last cited, it was said that the vendor has no right to retain the profits made by his sale and to ask a court of equity to drive the injured cestui que use to an action at law for damages on the contract; and in Niles v. Groover, 78 Ga. 461, it was said that the money received by the vendor was held for the use of the vendee who could recover it in an action for money had and received.

In Pomeroy, Spec. Perf. Cont. § 468, it is stated that if a conveyance to a third party carries the land beyond the reach of a prior vendee, the trust which affected the land in the hands of the vendor will attach to the unpaid purchase money due to him from his grantee and to whatever

portion of the purchase money the vendor has received. The purchase money becomes a fund which takes the place of the land by substitution and the trust attaches to the proceeds of the sale, upon the principle that equity never suffers a trust to be defeated by a conversion of the subject matter so long as the trust fund, under whatsoever form, can be traced in the hands of those who would be liable, in respect of the original subject matter, if it had remained in specie under their control. We think the present case should be controlled by these principles and that the property substituted for the homestead may be reached by a suit for specific performance.

Stress is laid upon Miss Colby's acquiescence in Mrs. Wilcox' apparent repudiation of the agreement. The conveyance of the homestead standing alone was not an unqualified repudiation of the contract. Western Land S. Co. v. Daniels-Jones Co. 113 Minn. 317-320, 129 N. W. 587. It was not inconsistent with the existence of an understanding that Miss Colby's rights under the agreement should be transferred and attach to the consideration received for the conveyance. The fact that for eight years thereafter the two sisters continued to occupy the same relative position towards each other as before forbids the conclusion that Mrs. Wilcox intended to repudiate her agreement and that Miss Colby knew it. Much of the argument for appellants would have weight, if the evidence was in and the inferences to be drawn from it were under consideration, but we are dealing now with a pleading which, when challenged by demurrer, is to be liberally construed and taken to be true, not only with respect to facts expressly stated, but also as to all facts that can be implied from those alleged by reasonable or fair intendment. Casey v. American Bridge Co. 95 Minn. 11, 103 N. W. 623, 624; Wessel v. Wessel Mnfg. Co. 106 Minn. 66, 118 N. W. 157; Vukelis v. Virginia L. Co. 107 Minn. 68, 119 N. W. 509; Klemik v. Hendricksen J. Co. 122 Minn. 380, 142 N. W. 871. Within these rules there is enough in the complaint to warrant the inference that both parties intended that the property acquired with the proceeds of the sale of the homestead should be substituted as the subject of the contract. Of course plaintiff cannot recover without supplying clear, satisfactory and convincing proof of the

contract and of the fairness of the transaction under the settled rule in this state in cases of this character.

We reach the conclusion that the learned trial court properly overruled the demurrer and that the order appealed from should be and it hereby is affirmed, with leave to appellants to answer within 20 days after the filing of the remittitur in the court below.