## WILLIAM WEISMAN HOLDING COMPANY v. ABRAHAM B. MILLER AND ANOTHER.[1]

June 9, 1922.

No. 22,821.

**Pendency of equitable action in district court not a bar to unlawful detainer prosecution in municipal court.**

1. The scope and purpose of an action for possession brought in a municipal court under the unlawful detainer statute is so essentially different from the scope and purpose of an action in the district court to enforce equitable rights in the property that the pendency of the latter action is not a bar to the prosecution of the former.

**Judgment in unlawful detainer not a bar to action involving title.**

2. The judgment merely determines the right to the present possession of the premises, and is not a bar to an action involving the title or the equitable rights of the parties as these matters cannot be litigated in an action under the unlawful detainer statute.

Action in the municipal court of Minneapolis to recover possession of certain premises. The case was tried before Charles L. Smith, J., who ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Shaw, Safford, Ray & Shaw,* for appellants.
*Josiah E. Brill,* for respondent.

[1]Reported in 188 N. W. 732.

TAYLOR, C.

Plaintiff and defendants entered into a contract on February 1, 1919, for the sale by plaintiff to defendants of certain improved real estate in the city of Minneapolis for the sum of $315,000, of which $35,000 was paid in cash and the remainder was to be paid in instalments as specified in the contract. On September 29, 1921, plaintiff served the statutory notice on defendants that they were in default for failure to pay the instalment due August 1, 1921, and that the contract would terminate and be canceled 30 days after such service unless, before the expiration of that period, defendants paid the amount therein stated as past due. Defendants failed to make the payment and on November 4, 1921, plaintiff brought an action in the municipal court of the city of Minneapolis under the unlawful detainer statute to recover possession of the premises. Defendants answered admitting the contract to purchase and the service of the statutory notice to terminate it, and denying that they were in default as alleged in such notice. For a further answer they alleged that on October 28, 1921, they commenced an action against the plaintiff in the district court "whereby they sought to have said notice of cancelation set aside and adjudged to be of no force or effect whatever, and to have defendants adjudged to have the right to the title and possession of said real estate."

When the unlawful detainer action came on for trial defendants took the position that their plea of an equitable action pending in the district court ousted the municipal court of jurisdiction. The municipal court did not take this view of the situation, but adjourned the case for one week to give defendants time to apply to the district court for an order enjoining the prosecution of the action in the municipal court, if so advised. Defendants made no application to the district court.

On the adjourned day plaintiff put in evidence the records establishing a prima facie case under section 8081, G. S. 1913, and rested. Defendants put in evidence the summons and complaint in the district court action, and on plaintiff admitting that the action was still pending also rested. The court rendered judgment for plaintiff for restitution of the premises and defendants appealed therefrom.

Defendants rest their appeal on the proposition that by proving the pendency of the equitable action in the district court they established a valid plea in abatement and thereby deprived the municipal court of power to proceed further in the unlawful detainer action. A plea in abatement, "is not good where the nature of the two actions is essentially different though they relate to the same subject matter."

Colby v. Street, 146 Minn. 290, 178 N. W. 599; Piper v. Sawyer, 82 Minn. 474, 85 N. W. 206; Mathews v. Hennepin County Sav. Bank, 44 Minn. 442, 46 N. W. 913; Coles v. Yorks, 31 Minn. 213, 17 N. W. 341.

The remedy provided by the unlawful detainer statute, "is summary in its nature and the mode of proceeding is of the essence of it." Gray v. Hurley, 28 Minn. 388, 10 N. W. 417. In an action under that statute the defendant cannot interpose an equitable defense, nor any defense in the nature of a counterclaim. Warren v. Hodges, 137 Minn. 389, 163 N. W. 739; Peterson v. Kreuger, 67 Minn. 449, 70 N. W. 567; Norton v. Beckman, 53 Minn. 456, 55 N. W. 603; Petsch v. Biggs, 31 Minn. 392, 18 N. W. 101. The judgment in such an action merely determines the right to the present possession of the property. It does not determine the ultimate rights of the parties and is not a bar to an action involving the title to the property, nor to an action to maintain or enforce equitable rights therein. 11 R. C. L. 1178, § 36; 26 C. J. 870; Lundberg v. Davidson, 68 Minn. 328, 71 N. W. 395, 72 N. W. 71.

The scope and purpose of the action differs so essentially from the scope and purpose of an action to enforce equitable rights in the property that the pendency of the latter action cannot be held to bar the right to prosecute the former. Of course the court in which the equitable action is pending may enjoin the prosecution of the unlawful detainer action, if it be shown that the equitable rights of the defendant in that action are such that he ought not to be ousted from possession. But no question of this nature is presented, and we are unable to hold that the pendency of the equitable action

barred the municipal court from rendering judgment for restitution of the premises.

Judgment affirmed.