## ARTHUR M. HIGGINS v. LEIGH C. LAMOREAUX.[1]

April 17, 1924.

No. 23,953.

**When former action is bar to second action.**
  1. In order that the pendency of a former action may be interposed as a bar to a second action, the identical cause of action asserted in the second must be presented for adjudication in the first.

**Issues of former action not those of instant action.**
  2. The present action is for money advanced by a cotenant in improving the common property. The former action is for an accounting of rents received from the common property. The issues made by the answer and reply in the former action as to whether the deed to the cotenant was a mortgage to secure advances, and as to whether the rights thereunder had been relinquished, did not present the present cause of action for adjudication in that action.

Action in the district court for Hennepin county by the special administrator of the estate of Lowell A. Lamoreaux, deceased, to recover $4,234.84. Defendant's motion to strike out a portion of the reply as sham and for judgment on the pleadings notwithstanding the reply, was granted by Montgomery, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Le Roy Bowen*, for appellant.
*James A. Peterson* and *A. D. Smith*, for respondent.

TAYLOR, C.
Appeal from a judgment abating the action on the ground that another action is pending in the same court between the same parties and for the same cause of action.

In order that the pendency of a former action may be interposed as a bar to a second action, the identical cause of action asserted in the second must be presented for adjudication in the first. The

[1]Reported in 198 N. W. 408.

issues presented in the first must be such that the judgment, when rendered therein, will conclude the parties as to the matters involved in the second and bar plaintiff from any relief in the second. Coles v. Yorks, 31 Minn. 213, 17 N. W. 341; Beyersdorf v. Sump, 39 Minn. 495, 41 N. W. 101, 12 Am. St. 678; Mathews v. Hennepin County Savings Bank, 44 Minn. 442, 46 N. W. 913; Disbrow Mnfg. Co. v. Creamery Package Mnfg. Co. 115 Minn. 434, 132 N. W. 913, L. R. A. 1918A, 3; Colby v. Street, 146 Minn. 290, 178 N. W. 599.

In the present action plaintiff alleges that the decedent and the defendant were owners as tenants in common of a parcel of land in the city of Minneapolis upon which they erected a flat building; that the decedent advanced the sum of $4,234.48 toward the cost of the building which defendant promised to repay him, and asks judgment for that amount.

In the former action plaintiff alleged that the decedent and the defendant were owners of the same property as tenants in common; that the property was encumbered by mortgages; that defendant had collected and received all the rents and profits from the property for a period of years without applying them on the encumbrances and asked for an accounting of these rents and profits. The two complaints set forth entirely separate and distinct causes of action.

Unless the answer and reply in the former action add to the cause of action set forth in the complaint a further cause of action for money advanced for the benefit of defendant, it is not a bar to the present action. The answer contains a general denial, but admits the existence of the mortgages and the collection of rents, and contains allegations to the effect that all rents collected by defendant have been applied on the mortgages. It then asserts, in substance, as a defense, that defendant is the owner of the entire property; that the decedent, who was defendant's father, claimed to have made advances in the construction of the flat building in an amount unknown to defendant; that to secure the repayment of such advances defendant executed to him a deed of an undivided one-half of the property; and that the decedent in his lifetime had collected rents in an amount unknown to defendant. Without directly asserting that the advances had been repaid, it contains allegations

to the effect that the decedent had relinquished to the defendant all rights in the property and the rents derived therefrom, and had disclaimed any title to or interest therein. It asks judgment that plaintiff be denied any relief, that the deed be declared a mortgage and be adjudged to have been satisfied, and for such other relief as may be equitable.

The reply contains a general denial, but admits that the decedent advanced money for the completion of the flat building. It then alleges, in substance, that the land was conveyed to the defendant and that the defendant immediately conveyed an undivided one-half thereof to the decedent; that the decedent purchased the land and erected the flat building; that he did so with the intention of donating to defendant an undivided one-half of the property as improved by the erection of the building; that defendant was a young man without means; that he furnished no money for purchasing the land or constructing the building, and asks for judgment as prayed in the complaint.

Neither the complaint nor the reply asserts any claim for money advanced. They assert title to an undivided one-half of the property and a claim for an accounting of the rents. Defendant in his answer asserts ownership of the entire property and of all the rents, that the deed to the decedent was in fact a mortgage, and that he is entitled to have it satisfied and canceled. His answer did not go far enough to make it incumbent on plaintiff to present his claim for advances in that action, and plaintiff did not do so. The former action is not a bar to the present action and the judgment must be and is reversed.