ADOLPH CEDERBERG v. ELMER L. GUNSTROM.[1]

February 1, 1935.

No. 30,321.

Mark J. McCabe and Harold C. Bellew, for appellant.
Norton & Norton, for respondent.

I. M. OLSEN, JUSTICE.

In 1930 Mint Gunstrom obtained a decree of divorce against her husband, Elmer L. Gunstrom, the defendant herein. Pending the suit for divorce, a written agreement was entered into between the parties fixing the amount of alimony to be awarded to the plaintiff in the case if an absolute divorce was obtained by her. The alimony agreed upon was in the amount of $2,100, to be paid in monthly instalments extending over a period of three years beginning August, 1930. The defendant paid the alimony so provided until there was left unpaid a balance of $240. This balance was never paid, and after it became due the said Mint Gunstrom duly assigned her claim for said amount to this plaintiff. Plaintiff then brought suit, and upon due trial before the court without a jury the court found in favor of the plaintiff and ordered judgment against the defendant for the sum of $240, with interest and

[1]Reported in 258 N. W. 574.

costs. Defendant moved for a new trial, including in the motion a motion to amend the findings and conclusions of the court, and appeals from the order denying his said motion.

Defendant presents two points: First, it is urged that the claim in question, being a claim for alimony, was not assignable and therefore plaintiff has no cause of action and could not recover. The cases cited to sustain that proposition are not at all conclusive in our opinion. While there are some authorities holding that an order or decree for alimony which is payable in the future is not assignable because not creating a vested right in the wife, we believe, however, that past due sums or instalments of alimony are generally recognized as assignable. Bassett v. Waters, 103 Kan. 853, 176 P. 663; Meissner v. Bergman, 11 Ohio Cir. Ct. 539; Harrison v. Harrison, L. R. 13 Prob. Div. 180; Watkins v. Watkins, L. R. [1896] Prob. Div. 222; Lynham v. Hufty, 44 App. D. C. 589. The fact that we held in Plankers v. Plankers, 178 Minn. 31, 225 N. W. 913, that we do not follow the vested right theory is not decisive of the question. Where an instalment or definite sum of alimony is due and in default, there would seem to be quite clearly a direct money claim against the one liable therefor, and we know of nothing in our statutes or decisions which prevents assignment thereof.

Whether or not an award of alimony due at some future date is assignable we need not here decide.

The Corpus Juris citation (19 C. J. 296), when read as a whole, does not aid the defendant. The Michigan case of Welles v. Brown, 226 Mich. 657, 198 N. W. 180, appears to have been decided largely on the Michigan statutory provisions, which are different from ours, and we would not follow the Michigan case as to instalments of alimony past due even were the case otherwise in point.

The second point argued is that, as the defendant has been discharged in a bankruptcy proceeding wherein he listed this alimony claim as one of his debts, the claim was thereby discharged. This being clearly a claim for alimony or support money to the wife, the provisions of the bankruptcy law appear to cover the question. 11 USCA, § 35.

The order appealed from is affirmed.