## MARY KOCH v. WILLIAM KOCH.[1]

January 31, 1936.

Nos. 30,571, 30,720.

---

[1]Reported in 264 N. W. 791.

*Oscar Hallam and Richard A. Golling,* for appellant.
*Sylvan E. Hess,* for respondent.

I. M. OLSEN, JUSTICE.

There are two appeals. One is an appeal from an order of the district court denying defendant's motion for an amendment of the alimony provisions of a judgment for divorce granted to plaintiff in 1914. The other is an appeal from a judgment entered in the district court on August 19, 1935, wherein plaintiff recovered $420 as monthly instalments due to her under a contract entered into with the defendant in June, 1923, for payments to be made by the defendant to the plaintiff in monthly instalments during her lifetime. The two appeals involve the same parties and were heard here together and may be disposed of in one opinion.

A brief outline of the facts and the situation of the parties is necessary in order to consider the questions involved in each of the appeals. Plaintiff and defendant were married in November, 1876. Plaintiff is now 80 years of age and the defendant about 78 years of age. In a suit for divorce brought by the plaintiff against the defendant in June, 1914, a decree of divorce was granted to the

plaintiff on the ground of adultery on the part of the husband. By that decree, it appearing that the defendant owned no property and had but a limited income, the court awarded to the plaintiff as alimony the sum of $500 only. The alimony so awarded was paid. Nothing further occurred until in 1923. At that time the defendant had inherited a substantial amount of property from a deceased brother, amounting in all to some $38,000 or $40,000 in value. In April of that year the plaintiff, on motion and order to show cause, moved the district court to amend the alimony provisions in the divorce decree so as to award to her additional and further alimony. Pending that motion and before a hearing thereon, negotiations were had between plaintiff and defendant for a settlement of the matter involved in said motion. These negotiations resulted in a contract entered into under date of June 29, 1923. This contract is quite lengthy and contains many provisions not here important. We do not attempt to set out the contract in full. It is sufficient to say that it recites the divorce judgment and alimony provision therein contained, and further that the defendant had received in 1922 from the estate of his brother some $38,000 in value of real estate and personal property, and had acquired also another parcel of real estate since the divorce was granted; that there had been no hearing upon the motion by plaintiff for additional alimony up to that time. The contract then recites that, in consideration of the premises and in consideration of the parties having entered into a stipulation that the motion made by the plaintiff for additional alimony should be dismissed, the defendant agreed to pay to the plaintiff forthwith the sum of $5,320, which was then paid, and further agreed, for himself, his heirs, legal representatives, and assigns, to pay or to cause to be paid to the plaintiff the sum of $70 on the first day of July, 1923, and the further sum of $70 on the first day of each and every month thereafter, for and during the full term of the natural life of the plaintiff. In further consideration of said agreement, the parties "do each hereby release, quit-claim unto and forever discharge the other, of and from any claim, right, interest, demand, action or cause of action which either of them now has, or may hereafter have, against the other by reason

of any matter connected with or arising out of said former marriage and divorce of the parties  *  *  *  and do each release, quit-claim unto, and forever discharge the other from any right to any change in the amounts payable under this agreement  *  *  * and do each release, quit-claim unto, and forever discharge the other from any claim or right to a division or award of or allowance out of any of the property or estate, (whether real or personal), or income, which either of said parties now has or hereafter may have, whether the same be by way of distribution, alimony, maintenance, support, attorneys' fees, suit money, costs, or otherwise." The defendant's second wife, whom he married in 1915, joined as a party in said contract. Upon this settlement being made, the court, on stipulation of the parties, dismissed the plaintiff's motion for amendment of the divorce judgment as to alimony.

Pursuant to this contract the defendant continued to make the monthly payments therein provided up to December, 1934. On March 28, 1935, the defendant, by motion and order to show cause, applied to the district court for an order to amend the provisions of the divorce judgment as to the amount of alimony to be paid. In that motion, without seeking to set aside or modify the contract of June 29, 1923, the defendant did set up the contract and claimed that, because of circumstances since arising, his income and the value of his property had depreciated and that he should no longer be required to make the payments provided for in the contract. The defendant's motion came on to be heard on May 11, 1935, and was heard upon the motion papers and affidavits presented by each of the parties. The court, after hearing the motion, made its order of May 13, 1935, denying the motion and discharging the order to show cause, from which order of the court the appeal was taken to this court May 24, 1935, and supersedeas bond was given.

On the hearing of the motion the plaintiff moved for dismissal of the proceeding for lack of jurisdiction. The court did not pass upon that motion, but heard the defendant's motion on the merits upon the records and affidavits presented. The question then is whether, on the merits, the court was justified in making the order denying defendant's motion.

The court, from the affidavits presented, might well find and conclude that, on the merits, the motion should be denied; that, as already noted, the plaintiff, at the time the motion was made, was 80 years of age; that she has no other income than the monthly payments provided for in the contract and is, on account of her age and physical condition, unable to work or earn a livelihood; that the amount so provided by the contract to be paid to her is a reasonable and necessary amount for her maintenance. As to the property of the defendant, there is a conflict in the affidavits. There is, however, in the affidavits, support for the court to have found that, while the property of the defendant has depreciated to .some extent, it still has a value of some $25,000 and provides a gross income of some $2,600 or more per year. In that situation the trial court was justified in refusing to modify the judgment of divorce as to alimony or in any way to disturb the contract between the parties. The court in its order said that defendant had not made a sufficient showing of merit to justify the court in granting the motion. The record justifies that holding.

■ The second appeal is from a judgment entered August 19, 1935, for the recovery by plaintiff of instalments of $70 per month due on the contract between the parties for December, 1934, January, February, March, April, and May, 1935. These instalments were all due prior to May 13, 1935, and prior to any appeal from the order made on that date. The appeal from the judgment raises certain questions. First, it is claimed that the complaint in the action to recover these instalments under the contract failed to state a cause of action. The claim is made that the complaint states no consideration for the contract between the parties. An examination of the contract discloses ample consideration, and we need not take any time to discuss that question. It is further said that an independent action at law to collect payments of alimony cannot be maintained. If we assume that the action and judgment are for the recovery of alimony alone, it seems to be well settled in this state that past due instalments of alimony constitute legal indebtedness of the defendant in a divorce case and may be recovered in an independent action. Cederberg v. Gunstrom, 193 Minn. 421, 258

N. W. 574, 97 A. L. R. 207, appears to be the last case here involving that question and disposes of the claim. We hold that the amended complaint states a good cause of action.

■ The defendant, by his answer in the action, admitted the making of the contract and the nonpayment of the sums sued for, but set up as a defense the pendency of the proceedings on appeal, by defendant, for modification of the judgment in the divorce case as to alimony, in abatement of the action to recover the past due instalments provided for in the contract.

The contract sued on in this case is valid, at least until and unless it is set aside for cause in an appropriate action or proceeding. Cairns v. Lewis, 169 Minn. 156, 210 N. W. 885. Defendant's motion to modify the decree of divorce does not ask for the abatement or cancellation of any payments then past due under the contract between the parties. In a legal sense, the motion to modify the alimony provision of the divorce decree was not "an action pending." If it be assumed to be another action pending, the relief sought in the two is entirely different. As said in Reichert v. Pure Oil Co. 172 Minn. 8, 10, 214 N. W. 669:

" 'The pendency of one action is not a bar to another where the relief sought in the two is entirely different, although the same questions may be to some extent involved in both.' Coles v. Yorks, 31 Minn. 213, 17 N. W. 341. Colby v. Street, 146 Minn. 290, 178 N. W. 599. So the fact that the same contract is the basis of the actions cannot alone make the former action an obstacle to proceeding in the latter."

In our present case the subject of the two actions is not the same. One is a motion to modify a judgment in a divorce action. The other is a suit to recover an amount due the plaintiff under a contract between the parties. State of Wisconsin v. Torinus, 28 Minn. 175, 9 N. W. 725; Mathews v. Hennepin County Sav. Bank, 44 Minn. 442, 46 N. W. 913; Rossman v. Tilleny, 80 Minn. 160, 83 N. W. 42, 81 A. S. R. 247; William Weisman Holding Co. v. Miller, 152 Minn. 330, 188 N. W. 732; Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412. We accordingly hold in this case also that the

pendency of the appeal from the order denying defendant's motion to modify the alimony provision of the divorce decree did not bar or abate the action to recover upon the contract between the parties entered into a long time after the divorce.

The evidence discloses that the defendant was adjudged insane on January 4, 1935, and that his wife appears in these proceedings as his guardian.

The order of the trial court refusing to modify the divorce decree as to alimony, and the judgment appealed from in the second case, are affirmed.

