Argued March 8; affirmed April 4, 1944

IN RE KERN'S ESTATE
KERN *v.* FLETCHER
(147 P. (2d) 498)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*Robert S. Miller,* of Portland (Robert S. Miller and McCamant, King & Wood, all of Portland, on the brief), for respondent.

*Allen G. Fletcher,* of Portland, for appellant.

BELT, J.

Sarah Elizabeth Kern and Don Kern (now deceased) were married in 1910. Three children were born as a result of the marriage. On June 12, 1929, the respondent herein obtained a divorce in Minnesota on her cross complaint against her husband who had instituted the proceedings. The court awarded the respondent custody of the three children, John, Priscilla, and Robert, who were then respectively 18, 11, and 10 years of age. Based upon stipulation of the parties, the court also decreed:

> "That the plaintiff pay to the defendant, during defendant's lifetime, the sum of One Hundred Seventy-five Dollars ($175) per month as permanent alimony and support money, upon the 16th day of each and every calendar month, commencing on the 16th day of June 1929 * * * * ."

There are also other provisions of the decree relative to the payment of alimony but they are not material here. Don Kern made payments to respondent pursuant to the decree for a short period of time and then became delinquent. From the early part of 1936 to February, 1937, no payments of any kind were made. Kern came to Oregon in 1936 and resided here until his death on June 29, 1942.

Respondent filed a verified claim against the estate of Don Kern, deceased, for unpaid alimony and support money, due October 16, 1942 (the date of presentation of the claim), amounting (principal, $10,327.78

and interest, $2,949.61) to $13,277.39. The executor of the estate, appellant herein, rejected the claim and thereupon claimant, by virtue of § 19-704 O. C. L. A., presented her claim to the circuit court, probate department, for Multnomah county, for payment. The circuit court ordered and adjudged that the estate was indebted to respondent in the sum of $13,027.99, $2,835.71 of which amount represented interest.

The executor appeals from such judgment, conceding here, but not in the lower court, that respondent is entitled to the principal of delinquent payments as alleged, but contending, as a matter of law, that the claim of interest on delinquent payments is not a proper charge against the estate. Appellant does not challenge the method of computing the interest nor the accuracy of the amount claimed. The sole and precise question is whether, in the light of the record, respondent is entitled to recover interest.

The concession of appellant relative to the principal of delinquent payments is based upon the proposition that the award of the court became a final judgment on the death of Don Kern and that thereafter no court in Minnesota has jurisdiction to modify or alter the allowance of alimony and support money. Appellant contends that, prior to the death of Kern, the court in Minnesota had continuing jurisdiction to modify the decree fixing the amount of alimony and support money, even though it had accrued.

■ It is conceded by counsel that whether respondent in a proceeding of this kind has the right to interest is governed by the law of the state where the decree of divorce was rendered and not by the law of the

forum. That the authorities are in conflict over such question, see 30 Am. Jur. 25, Interest § 36; 33 C. J. 186, Interest § 26, and cases in note 78 A. L. R. 1063. Restatement of the Law, Conflict of Laws, § 420, p. 499, reads as follows:

> "In an action on a foreign judgment, the rate of interest allowed for delay in satisfying the judgment is determined by the law of the place where the judgment was rendered.

> "Comment:

> "* * * The duty to pay the judgment arises under the law where the judgment is rendered. The new judgment bears interest from its date at the legal rate in the state where it is rendered."

If respondent has the legal right to interest, it would be at the rate of six per centum per annum, since that is the rate provided by statute in both Oregon and Minnesota. (§ 66-101 O. C. L. A.; Mason's Minn. Stats. (1927), § 7036.

■■ Section 7036 of the Minnesota Statutes, which was in effect at the date of the decree and has not been amended, provides:

> "The interest for any legal indebtedness shall be at the rate of six dollars upon one hundred dollars for a year, unless a different rate is contracted for in writing; * * *."

Did these accrued monthly instalments, as provided for in the decree, constitute a legal indebtedness within the meaning of the above section of the statute? If they did, it is clear that the right to interest exists. We are not unmindful of § 8603 of the Minnesota Statutes (1927) which vests the court with continued jurisdiction to change or modify the award of alimony

and support money from "time to time on petition of either of the parties". In the instant case, the decedent never at any time petitioned for such modification of the decree. Obviously, he will not hereafter do so. Notwithstanding the able argument of appellant that these accrued monthly instalments were not final judgments and therefore interest would not run thereon, the Supreme Court of Minnesota has decided to the contrary and we are bound thereby: *Cederberg v. Gunstrom,* 193 Minn. 421, 258 N. W. 574, 97 A. L. R. 207; *Bickle v. Bickle,* 196 Minn. 392, 265 N. W. 276; *Koch v. Koch,* 196 Minn. 312, 264 N. W. 791; *Holton v. Holton,* 153 Minn. 346, 190 N. W. 542, 41 A. L. R. 1415.

In *Bickle v. Bickle,* supra, the court said:

"* * * Plaintiff is entitled to interest on the alimony judgment. Unfortunate results would obtain from any other rule. It would be possible to delay an appeal until the prevailing party, out of necessity, might be forced to agree to a smaller settlement than the court had determined to be fair and equitable. Under statutes allowing interest on a money judgment, such as we have in this state, interest is allowed on a judgment for alimony. Harding v. Harding, 180 Ill. 592, 54 N. E. 604; see Williams v. Williams, 36 Wis. 362; Huellmantel v. Huellmantel, 124 Cal. 583, 57 Pac. 582. To withhold the use of the money for the period of a year or more and then to deprive the prevailing party of interest on the judgment would be to lessen the amount of the award."

In *Cederberg v. Gunstrom,* supra, we find this statement by the court:

"Where an installment or definite sum of alimony is due and in default, there would seem to

be quite clearly a direct money claim against the one liable therefor, * * *."

In this case, interest was allowed on accrued instalments by the trial court and was affirmed on appeal.

In *Koch v. Koch,* supra, the court, in construing the above section, said:

"* * * it seems to be well settled in this state that past-due installments of alimony constitute legal indebtedness of the defendant in a divorce case * * *."

In *Holton v. Holton,* supra, it was held:

"So long as the judgment is absolute in its terms and remains unmodified or at least until an application for modification has been made, it is final as to installments of alimony which have accrued."

The argument of appellant is in keeping with the reasoning of the decisions of this court rendered prior to the amendment in 1921 of section 9-915, O. C. L. A., which amendment deprived the court of power to alter or modify an order for alimony and the payment of money for the support of minor children which accrued or became due prior to the filing of the motion so to do. After this amendment in 1921, the court construed it in *Stephens v. Stephens et al.,* 170 Or. 363, 132 P. (2d) 992, as having the effect of making accrued monthly instalments separate and independent judgments. It is true that there is no statute in Minnesota which thus deprives the court of the power to modify accrued instalments. Nevertheless, the highest court of that state has consistently considered accrued instalments in the nature of final judgments where no motion to modify the same had been made.

While the appellant-executor acted strictly within his rights in rejecting the claim, since this court has never heretofore determined whether interest is allowable on such claims, we think the equity of the case is clearly with the respondent who has been deprived of the use of the money awarded to her for the support of herself and children for so long a time. Any other result would place a premium upon delinquency and would, in effect, thwart the purpose and spirit of the decree.

The judgment is affirmed.